BERTHA PITCHENICK, PROSECUTOR, v. NEW YORK FOLDING BOX CO., RESPONDENT.

Argued January 21, 1942—Decided March 7, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Isadore Rabinowitz* and *Nathan Rabinowitz*.

For the respondent, *George E. Meredith*.

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the determination and rule for judgment of the Workmen's Compensation Bureau in dismissing the prosecutor's claim based upon the death of her husband.

He was employed by the respondent in selling its product, folding paper boxes, to laundries in New York City and vicinity. He resided in Brooklyn. The respondent's place of business is in Jersey City where the contract of employment was effected. Compensation, if liability exists, is recoverable in this state although the accident actually occurred outside of this state. *Steinmetz* v. *Snead and Co.,* 123 *N. J. L.* 138, and cases therein cited. *N. J. S. A.* 34:15-66 provides for appeals in compensation cases to the Court of Common Pleas in the counties where the accident occurs but where as here the occurrence is outside of the state there could be no appeal to any Common Pleas Court and so is reviewed in this court instead.

On February 14th, 1940, at about 6:30 P. M., the deceased was killed by being struck and run over by a train of the Interborough Rapid Transit elevated railway in its station at First Avenue and First Street, Manhattan, New York City. There was evidence to support the petitioner's claim

that decedent was at the time on his way to call on a customer so that if he was killed accidentally it occurred out of and in the course of the employment.

The sole question is whether or not the death was the result of an accident. The burden of so proving was upon the petitioner. The Bureau concluded that the evidence did not establish an accidental death and we are in accord with that determination. The only witness who testified to the occurrence was the motorman of the train which struck the deceased. He said that he first saw deceased on the platform when the train was about 50 to 75 feet away from him, that he saw him walk very rapidly a few steps to the edge of the platform, pull his overcoat up over his head and jump onto the tracks. He said that he "immediately pulled the emergency" but was unable to bring the train to a stop before striking him and that three-fourths of the first car ran over him. Not only did this witness describe the actions of deceased as jumping from the platform to the tracks after pulling his overcoat up over his head but he illustrated for the court what he was describing by a demonstration of the decedent's actions. Because he also spoke of decedent falling and because it was a windy and stormy night the petitioner argues that the inference may properly and should be drawn that the coat was pulled up as a protection against the storm and that decedent slipped and fell because of ice and snow on the platform and also because he suffered from near sightedness having but about 40 per cent. of normal vision even with the aid of glasses and also because he had a slight limp in one foot. The presence of ice or snow on the platform is sharply disputed. In the face of the direct and we think unequivocal testimony of his having jumped in front of the train we conclude that the petitioner's hypothesis of an accidental fall is untenable.

The motorman was called as a witness for the petitioner. In fact no witnesses were called by the respondent. The motorman was asked on direct examination whether he was "the operator of the elevated train which was in contact with the body of Benjamin Pitchenick" and "as a result of which he died." The respondent was permitted over objection to

cross-examine this witness as to the details of his striking the deceased and of the resulting death. The petitioner argues that the court erred in this ruling. We think not. The striking and killing of this man was the information sought. The details concerning that occurrence were germane and relevant to those primary questions and constituted proper cross-examination.

It is also argued by the petitioner that the admission into evidence of the certificate of death in so far as it states suicide as the cause of death is based upon hearsay and is, therefore, without probative value in that respect. Obviously the statement on the certificate concerning suicide was hearsay and doubtless was given no probative value by the court below. The certificate otherwise was admissible and indeed was offered by the petitioner without reservation. Under the circumstances we perceive no error.

The judgment under review will be affirmed, and the writ dismissed, with costs.

Mr. Justice Perskie dissents because he is of the opinion that the proofs utterly fail to support the conclusion that the deceased committed suicide.