FRANCESCO BELVIDERE, PROSECUTOR-PETITIONER, v. AUGUSTINE L. WALDRON, DEFENDANT-RESPONDENT.

Submitted October 6, 1942—Decided February 24, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor-petitioner, *Felcone & Felcone* (*John J. Connell,* of counsel).

For the defendant-respondent, *Powell & Parker* (*Harold T. Parker,* of counsel).

The opinion of the court was delivered by

COLIE, J. Francesco Belvidere filed a petition in the Workmen's Compensation Bureau to recover compensation for an accident arising out of and in the course of his employment by Augustine L. Waldron. The alleged employer filed an answer denying that petitioner was in his employ at the time of the alleged accident. Hearings were held and resulted in a finding of facts and rule for judgment by the deputy commissioner awarding compensation for both temporary and permanent disability against Waldron. The amount of the award is immaterial to the questions raised by this writ. The employer, Waldron, took an appeal to the Burlington County Court of Common Pleas and that court filed a "determination" in which it found "that Belvidere suffered an injury by accident arising out of and in the course of his employment." The court then entered a rule for judgment by which it "ordered and adjudged that the above-entitled matter be

and it hereby is remanded to the Workmen's Compensation Bureau for the purpose of joining Raymond Barrett as a party respondent, and to be proceeded with against the partnership consisting of Augustine L. Waldron and Raymond Barrett in a manner consistent with the determination referred to above; and it is further ordered that the burden and duty of initiating proceedings to bring Raymond Barrett in as a party respondent shall be upon the respondent, Augustine L. Waldron." In the course of the hearings before the deputy commissioner, the question arose as to whether or not there were other respondents who should be brought into the case and with reference thereto the deputy commissioner said "I gave counsel opportunity to prepare themselves on the argument on the motion in the whole; that if this respondent is not the sole employer, that the other parties be brought in forthwith and the matter be disposed of on the merits eventually." No step was taken to bring in additional parties, the cause proceeded to a determination and award in the Workmen's Compensation Bureau in favor of Belvidere and against Waldron. In the Compensation Bureau there was a finding that Waldron was the employer and in the Pleas that a partnership existed between Waldron and Barrett. Under either finding, there can be no doubt of Waldron's responsibility for the payment of compensation. The determination of the Common Pleas states as a reason for remanding the cause that "to affirm the judgment below against Waldron, without Barrett being made a party to these proceedings, would jeopardize the rights of Waldron's insurance carrier * * *." Assuming that to be so, it does not warrant postponing the enjoyment by Belvidere of that to which he is clearly entitled, namely, an award against Waldron.

It is urged that the order remanding the cause to the Workmen's Compensation Bureau does not finally adjudicate any rights between the parties and that the writ of *certiorari* should be dismissed. In *Mowery* v. *Camden,* 49 *N. J. L.* 106, it was said: "When the purpose is to review the proceedings of a special tribunal, on complaint of irregular procedure in matters legally brought within its jurisdiction, a *certiorari* may legally issue before final decision, but ordi-

narily should not be allowed until then, for haply the tribunal may correct its own error in time; * * *." The reviewing tribunal in this case cannot correct its own error because by remanding the cause to the Workmen's Compensation Bureau, it lost jurisdiction.

We believe that the Court of Common Pleas erred in remanding the cause to the Workmen's Compensation Bureau and our order is that the cause be remanded to the Pleas to enter an order affirming the rule for judgment entered in the Workmen's Compensation Bureau.

Costs will go to the prosecutor.