FRANCIS D. FLEECE, by his Guardian, Plaintiff in Error, *v.* ELIZABETH RUSSELL et al., Defendants in Error.

ERROR TO MASSAC.

13  31
140  201

13  31
44a 231

13  31
67a 182
67a 573

13  31
76a 484

13  31
77a 654

13  31
202  ²305

A bill in Chancery is not necessarily put out of court because a demurrer to it is sustained.

A writ of error or appeal only lies to a decree making a final disposition of a case.

Under our statute, no process is necessary to summon the parties to an original bill, to answer to a cross-bill; the latter is an adjunct of the former, all constituting but one case.

An order dismissing a cross-bill is interlocutory, and such an order is not subject to review in this court until the whole case is disposed of.

THIS demurrer was heard before Denning, Judge, at May term, 1850, of the Massac Circuit Court. The facts of the case are stated in the opinion of the court.

R. S. Nelson and R. F. Wingate, for plaintiff in error.

T. G. C. Davis and W. J. Allen, for defendants in error.

Trumbull, J.　Elizabeth Russell, who has since intermarried with William Brown, filed her bill in Chancery against Edward H. Fleece, the father, and Francis D. Fleece, his minor son, to subject a tract of land, the legal title to which was in the son, to the payment of certain judgments which she held against the father.

Answers were filed to this bill; and subsequently a cross-bill was filed by the minor, alleging that the said Elizabeth was then, and had been for several years, in the possession of the land in controversy, receiving the rents and profits, which amounted to more than all her claims against his father, and praying that she might be made to account for the rents and profits received; that out of the same she might be allowed whatever should be found due upon the judgments, and be required to pay over the balance, and deliver the possession of the premises to the said Francis.

To this cross-bill the Circuit Court sustained a demurrer, and that decision is now assigned for error.

It might be questioned whether a writ of error would lie to a decision of the Circuit Court simply sustaining a demurrer to a bill in Chancery, without any order dismissing the bill, or decree for costs.

The sustaining a demurrer to a bill does not necessarily put the case out of court.　The complainant may still obtain leave to amend, and it is only to a decree making a final disposition of a case that an appeal or writ of error lies.　But there is another objection which is fatal to the prosecution of the writ of error in this case.

The Rev. St. ch. 21, §§ 24 to 30, inclusive, provide for filing a cross-bill, and the mode of proceeding upon it.　Under these provisions of the statute, which have been passed since the decision in the case of Ballance *v.* Underhill, 3 Scam. 453, no process is necessary to bring in the parties to the original bill; but the cross-bill is to be regarded as an adjunct or part of the original suit, and the whole together as constituting but one case.

The proceedings upon the original bill in this case are still pending and undisposed of in the Circuit Court. For aught that appears, the complainant in the cross-bill may yet obtain all the relief to which he is entitled, upon a final disposition of the case in the Circuit Court; for we see no reason why he may not set up the rents and profits by way of set-off in his answer, as well as by way of a cross-bill. But whether this be so or not, the case cannot be brought to this court for revision till it is finally disposed of. A party cannot bring his case here by piecemeal, nor does an appeal or writ of error lie from an interlocutory decree, which is clearly the character of the order sustaining the demurrer to the cross-bill. Pentecost *v.* Magahee, 4 Scam. 326; Hayes *v.* Caldwell, 5 Gilm. 33.

If, in the final disposition of the case in the Circuit Court, the complainant in the cross-bill should be dissatisfied with the decision, it will then be his right to bring the case to this court, and to assign for error the decision of which he now complains.

*Writ of error dismissed.*