STATE ex rel. T. C. MANN v. T. H. B. GIBBS.

(Filed 20 September, 1911.)

1. Appeal and Error—Drainage Commissioners—Motion to Dismiss —Premature Appeal.

The appeal by defendant from the refusal of the court to dismiss this action brought against him to determine the title to the office of drainage commissioner is premature and the appeal dismissed.

2. Drainage Districts — Special District—Commissioners—Appointment—Interpretation of Statutes.

The appointment of commissioners for the Drainage District for Mattamuskeet Lake and adjoining lands, ch. 509, sec. 3, Laws of 1909, is to be made, two by the State Board of Educa-

tion and one by the clerk of the court, without reference to sec. 19, ch. 442, Laws of 1909, requiring an election by the owners of the land within the drainage or levee district. *Semble,* the requirements of section 19 are but recommendatory.

APPEAL from *O. H. Allen, J.,* at the Spring Term, 1911, of HYDE.

This action is brought to determine whether the relator Mann or the defendant Gibbs is a drainage commissioner in the Drainage District for Mattamuskeet Lake and the lands adjoining thereto.

The relator alleges that an election was held for drainage commissioner under ch. 442, sec. 19, Laws of 1909; that he and the defendant were the only candidates for the position; that he was legally elected; that a majority of the votes cast were in favor of the defendant, but that enough of these were illegal to change the result; that the Clerk of Hyde County, before whom the petition for the drainage district was filed, appointed the defendant a commissioner, and that he, the relator, is eligible to the position and entitled thereto.

The defendant denies that any illegal votes were cast for him, alleges that he was duly elected, and admits that he has been appointed by the clerk, under sec. 3, ch. 509, Laws of 1909.

The defendant moved to dismiss the action, and, upon the denial of his motion, excepted and appealed.

*J. C. B. Ehringhaus and W. M. Bond for plaintiff.*
*Mann & Jones and E. F. Aydlett for defendant.*

ALLEN, J. It requires no citation of authority to sustain the proposition that the appeal is premature and must be dismissed, but as both parties request it and much expense may be saved by the determination of the right of the relator to maintain his action if he sustains his allegation that he received a majority of the legal votes cast, we proceed to consider it. The question involves the construction of sec. 19 of ch. 442 of the Laws of 1909, and sec. 3 of ch. 509 of the Laws of 1909.

The first of these statutes is a general law, applicable to the whole State, and is for the establishment of drainage districts

upon. petition filed before the clerk; while the second relates to a particular drainage district, and is, "An act to authorize the State Board of Education to unite with certain landowners in Hyde County in establishing a drainage district, including Mattamuskeet Lake and the lands adjacent thereto."

The language of the two sections upon which the controversy arises is as follows:

Ch. 442, sec. 19, Laws of 1909: "After the said drainage district shall have been declared established, as aforesaid, and the survey and plan therefor approved, the court shall appoint three persons, who shall be designated as the board of drainage commissioners. Such drainage commissioners shall first be elected by the owners of the land within the drainage or levee district, or by a majority of same, in such manner as the court shall prescribe. The court shall appoint those receiving a majority of the votes. If any one or more of such proposed commissioners shall not receive a vote of a majority of such landowners the court shall appoint all or the remainder from among those voted for in the election. Any vacancy thereafter occurring shall be filled in like manner."

Ch. 509, sec. 3, Laws of 1909: "Two members of the board of drainage commissioners provided for in section 19 of the general drainage law shall be appointed by the State Board of Education and one appointed by the court before which the petition is filed. The corporate name of said district shall be 'Board of Drainage Commissioners of Mattamuskeet District,' and the State Treasurer shall be the *ex officio* treasurer of said board."

The contention of the relator is that the two statutes should be construed together, and that when so construed, by correct interpretation, the provisions as to elections contained in the first are applicable to appointments made by the clerk under the second.

In the view we take of the case, it is not necessary to pass upon the effect of an election under section 19 of chapter 442, but we incline to the opinion that it is recommendatory in its nature and does not confer title. There is an absence of all

the usual requirements attending elections for general or special purposes, and the qualifications of an elector are not those prescribed by the Constitution. The owners of land within the district, and no others, are entitled to vote, thereby excluding those who are not landowners from the right to vote, and including infants and married women who own lands. There is no provision for holding an election, for the count of the vote, for returns, or for declaring the result. We do not mean that no election can be held under a statute unless these regulations appear, but that the absence of them, when taken in connection with the language of the act, and its purpose, indicates that by an election was meant a meeting of the landowners and an expression of their opinion, expecting the clerk to follow it. The latter part of section 19 adds force to this view: "If any one or more of such proposed commissioners shall not receive the vote of a majority of the landowners, the court shall appoint all or the remainder from those voted for at said election," thus providing for the appointment of commissioners who are not the choice of a majority of the landowners.

If, however, it be conceded that an election is necessary under section 19 of chapter 442, and the clerk must appoint one who receives a majority of the votes, we are of opinion that this provision is not incorporated in section 3 of chapter 509, and is not applicable thereto.

The reference to the general drainage law in section 3 is for the purpose of indicating the number of commissioners and the nature of their duties, and not to designate how they shall be appointed or elected. The section says, without qualification, that two of the commissioners shall be appointed by the State Board of Education and one by the clerk. If it had been the intention of the Legislature for the clerk to make the appointment under the provisions of section 19, it would have been easy to add to the power conferred on the clerk, "as prescribed in section 19 of chapter 442," and not leave the matter to conjecture.

There was a reason for the difference in the two acts. Under the first the landowners of the drainage district were the only

parties interested, and it was right and advisable that their choice should be respected in the selection of commissioners, while under the second the State Board of Education was uniting with certain landowners to form a district, upon the understanding that the State board should name a majority of the commissioners. The plan, therefore, outlined in section 19 could not be applied to the new scheme, and another was adopted.

We conclude that the relator, upon the facts submitted, is not entitled to maintain his action.

The appeal is dismissed as premature.

Appeal dismissed.