## CONSOLIDATED ALFALFA MILLING CO. *et al.* v. WINSOR.

No. 3647.    Opinion Filed February 3, 1914.

(138 Pac. 566.)

**APPEAL AND ERROR—Assignment of Error—Sufficiency.** Where the record does not show any final disposition of the case, and the only assignment of error in the petition in error is "that there is error in said record and proceeding in this, to wit: That the court erred in overruling the motion of the plaintiff in error to dismiss this suit"—there is noting presented for the Supreme Court to review.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by A. D. Winsor, for himself and for the balance of the stockholders, against the Consolidated Alfalfa Milling Company, a corporation, James J. Hanna, R. S. Rowland, W. E. Welch, and W. B. Skirvin. For the failure of the court to overrule motion to dismiss, defendants bring error. Dismissed.

*C. W. Stringer,* for plaintiffs in error.

*Mounts & Davis* and *Gray & McVey,* for defendant in error.

KANE, J. The only error assigned in the petition in error in this cause is:

"That there is error in said record and proceeding in this, to wit: That the court erred in overruling the motion of the plaintiffs in error to dismiss this suit."

The defendant in error moved to dismiss the proceeding in error upon the ground that under our statute governing appellate procedure an order overruling a motion to dismiss a cause

of action which leaves the case standing for further proceedings is not an appealable order. The motion to dismiss must be sustained. The following cases are authority to the effect that an order overruling a motion to quash a·summons, or service, or to dismiss or strike a cause, is not an appealable order: *Simpson v. Stein,* 43 Kan. 35, 22 Pac. 1020; *Simpson v. Kirschbaum· & Co.,* 43 Kan. 36, 22 Pac. 1018; *Brown v. Kimble,* 5 Kan. 80·; *Dolbec v·. Hoover,* 8 Kan. 124; *Edenfield v. Barnhart,* 5 Kan. 225; *Simpson v. Rothchild et al.,* 43 Kan. 33, 22 Pac. 1019; *Kansas Rolling Mill Co. v. Bovard,* 34 Kan. 21, 7 Pac. 622. As we borrowed our statute governing appeals from the state of Kansas subsequent to the rendition of the foregoing cases by its highest court, they are decisive upon the question under consideration. The appeal is dismissed.

All the Justices concur.