[No. 2197, March 21, 1918.]
OTTO-JOHNSON MERCANTILE CO. v. GARCIA.

SYLLABUS BY THE COURT.

1. "Interlocutory orders" defined.                      P. 358

2. An order denying a motion for leave to dismiss a cause, filed by a plaintiff, does not practically dispose of the merits of the action, and consequently is not an appealable order under section 2, c. 43, Laws 1917.          P. 358

Appeal from District Court, Union County; Leib, Judge.

Action by the Otto-Johnson Mercantile Company against Salome Garcia. From an order overruling its motion to dismiss the cause at its costs, plaintiff appeals. Appeal dismissed.

HENRY A. KIKER, of Raton, for appellee.

Otto-Johnson Merc. Co. v. Garcia, 24 N. M. 356.

The order from which the appeal was taken is non-appealable.

Secs. 1 and 2, c. 43, L. 1917; Costillo L. & I. Co. v. Allen, 15 N. M. 528; London-Glascow Dev. Co. v. Powers, 100 Pac. 454; in re Minn. & W. R. Co., 78 N. W. 753; Raymond v. Keseberg, 73 N. W. 1010; Sliscovich v. Scandinavian Amer. Bank, 139 Pac. 606; Weiser Irr. Dist. v. Middle Valley Irr. Ditch Co., 155 Pac. 484.

HUGH B. WOODWARD, of Clayton, for appellant.

Order is appealable.

Sec. 2, c. 43, L. 1917; 36 Cyc. 1188; 3 C. J. 452; in re Butler, 4 N. E. 518; Kennedy v. Kennedy, 3 Ala. 434; Moorehouse v. Yeager, 38 N. Y. Sup. Ct. 50; Lowndes v. Miller, 25 S. C. 119; Fairchild v. Dean, 15 Wis. 206; Starbuck v. Dunklee, 88 Am. Dec. 68; Harrington v. Slade, 22 Barb. 181; McLeod v. Bertschy, 30 Wis. 324; Merrill v. Merrill, 92 N. C. 657.

### OPINION OF THE COURT.

HANNA, C. J. The appellant, the Otto-Johnson Mercantile Company, a corporation, instituted an action against the appellee, Salome Garcia, in the district court for Union County, to recover a money judgment for goods sold and delivered. Appellee demanded a bill of particulars, and, the same not having been filed within ten days after service of said demand, appellee answered the complaint, denying the material allegations thereof. Thereafter the appellant moved that the cause be dismissed at its costs. The motion was overruled, and from that order this appeal is prosecuted.

The appellee has moved to dismiss the appeal, on the ground that the order overruling the motion to dismiss the cause is interlocutory in its nature, and one from which an appeal does not lie under the statute. Section 2, c. 43, Laws of 1917, provides:

"Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from

such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceedings therein would be only to carry into effect such interlocutory judgment, order or decision.''

[1] Numerous definitions of ''interlocutory orders'' will be found in the books. In substance, they are defined: As relating to some question of law or practice, and leave something remaining to be decided or done by the court entering the order and to proceed further therewith; such orders as are made in the course of a cause, but which do not touch the merits of the action so as to affect the rights of the parties; those collateral to the issue, not finally determining or completing the suit, leaving something further to be done by the court in the premises; those which are given in the course of a cause upon some plea, proceeding, or default which is only intermediate and do not finally determine or complete the suit, and those which only settle some intervening matter relating to the suit. 2 Words and Phrases, 1150-1153 (2d Series); 4 Words & Phrases, 3715. It is patent that the order made by the trial court was interlocutory in its nature.

[2] Whether such interlocutory order was of the kind and class from which the statute authorizes an appeal to be taken depends upon the construction of section 2, cited supra. It will be noted that an appeal does not lie from every interlocutory order, but only from those which practically dispose of the merits of the action. It is quite generally held that an appeal does not lie from an order refusing to dismiss a case, upon motion of either party. 2 R. C. L. Appeal & Error, § 25; 2 Cyc. 596. The cases supporting the doctrine are founded upon statutes having to do with final judgments only, or those either specifically mentioning certain orders or decrees from which appeals may be taken, or providing generally that appeals may be taken from all orders affecting a substantial right, when such order determines the action and prevents a judgment.

Statutes of the latter class will be found in Arizona, North Dakota, South Dakota, Washington, and Wyoming. Those statutes, and the decisions thereon, for the most part, sustain the policy of the law that litigation shall not proceed piecemeal, and consequently hold that no appeal lies in a variety of cases. In Teeter v. Cole Mfg. Co., 151 N. C. 602, 66 S. E. 582, it was held that the right to take a nonsuit and then appeal applies ordinarily only to cases where the court's ruling strikes at the root of the case and precludes a recovery by plaintiff. In Mann v. Gibbs, 156 N. C. 44, 72 S. E. 82, it was held that an appeal from an order denying a motion to dismiss was premature. In Consolidated Alfalfa M. Co. v. Winsor, 40 Okl. 362, 138 Pac. 566, it was held that such an order was not appealable because it did not involve the merits of the action, or some part thereof.

We are satisfied that no appeal is allowable in cases of this kind. The order of the court in the premises does not dispose of the merits of the action. In fact it does not affect the merits of the action in any wise. The appellant, apparently would dismiss the action in the trial court to overcome its default in failing to furnish the demanded bill of particulars. Whatever may be the outcome of this default is wholly immaterial to a determination of the question at bar. The proposition is simply whether an order denying motion of a plaintiff to dismiss a case, before its submission, is one practically disposing of the merits of the action, etc. We hold that it is not, and that the appeal is premature. Without doubt the action of the trial court with reference to said order may be reviewed upon an appeal from a final judgment entered in the cause.

For the reasons stated, the appeal will be dismissed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.