THE NARRAGANSETT ELECTRIC LIGHTING COMPANY *vs.* GEORGE W. SABRE *et al.*

THE NARRAGANSETT COMPANY *vs.* THE NARRAGANSETT ELECTRIC LIGHTING COMPANY.

FEBRUARY 1, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. Equity No. 1100 is a petition for the appraisal of the value of the shares of certain stockholders in The Narragansett Electric Lighting Company who dissented from the proposition to transfer the assets of the company. Equity No. 1101 is a petition for the dissolution of that company. The present appellants—hereinafter referred to as the respondents—were among the minority stockholders joined as respondents under the first of these petitions and were permitted to intervene in the second petition. The causes are before this court on the petitioners' motions to dismiss the appeals of certain respondents, namely, E. Alice Gray, John P. Beagan and Margaret E. Beagan, from decrees denying their motions to dismiss both causes "for laches or want of prosecution on the part of the petitioner."

Eight reasons of appeal are presented: the first five claim error in denying the motions to dismiss for want of prosecution; the remaining reasons are to the effect that, by the entry of said decrees, the respondents are denied the prompt determination of their rights in violation of the Constitution of Rhode Island and the Constitution of the United States.

We have before us in the first instance the question whether the decrees from which these appeals are taken are final and appealable. While Rhode Island and other courts have frequently passed upon this issue, in no case have they held that the denial of a motion to dismiss has the element of finality. The rule is clearly stated in 3 C. J. p. 503: "Since there is no final judgment and the case is still pending, an appeal or writ of error will not lie from a refusal of the trial court to grant a judgment or decree of dismissal or nonsuit, unless the case comes within some statute authorizing an appeal from such a judgment, order or decree." *Reed* v. *Lueps*, 30 Wisc. 561, was an appeal from an order denying a motion to dismiss the case for want of prosecu-

tion, as in the present case, and the court held the order not appealable. In *Mann* v. *Gibbs*, 156 N. C. 44, where an appeal from the refusal of the court to dismiss the case was taken, it was said: "It requires no citation of authority to sustain the proposition that the appeal is premature and must be dismissed."

In *McAuslan* v. *McAuslan*, 34 R. I. 462, this court held: "The final decree in an equity cause is the decree which finally determines the rights of the parties, provides for the relief which the court finds to be necessary that the parties may have the full benefit of the court's determination upon the merits, and at most merely requires one or more orders or supplemental decrees for its enforcement." In view of these authorities, respondents can not seriously urge that the denial of a motion to dismiss is a final determination of the rights of the parties. This ground of appeal can not be sustained.

The respondents' final contention is that failure on the part of the Narragansett Electric Lighting Company to press its petition for appraisal infringes upon their constitutional rights and that therefore the appeal should be sustained.

The right of appeal is passed upon by this court in *Hyde* v. *Superior Court*, 28 R. I. 204, in which it was held that "whether an interlocutory order may be separately reviewed by the appellate court in the progress of the suit, or only after and together with the final decree, is a matter of procedure rather than of substantial right." If the assertion of a constitutional right rendered an otherwise interlocutory decree final and appealable, the procedure and in equity would be changed. Instead of awaiting practice final disposition of a suit in the lower courts, appeals would be allowed when and as often as a party saw fit to claim a breach of his constitutional privileges, and the final determination of the suit would be indefinitely extended to the disadvantage of litigants and contrary to rules which prohibit appeals from other than final decrees, or decrees in effect final.

Furthermore, the record in the first case discloses the fact that in addition to the present petitioners there are numerous other parties who are stockholders in The Narragansett Electric Lighting Company but are not parties to these motions to dismiss, and a dismissal of these suits might tend to prejudice their rights.

The motions to dismiss are granted, the appeals are dismissed, the decrees appealed from are affirmed and the causes are remanded to the Superior Court for further proceedings.

*William H. Edwards, Edward Winsor, Edwards & Angell,* for petitioners.

*John P. Beagan,* for respondents.