152 P.2d 391

FLOYD v. TOWNDROW et al.

No. 4860.

Supreme Court of New Mexico.

Oct. 10, 1944.

Hugo Seaberg, of Raton, for appellants.
Louis S. Wilson, of Raton, for appellee.

THREET, Justice.

The plaintiff, who comes before us as appellee, has moved to dismiss this appeal from an order striking an amended counterclaim interposed by the defendants (appellants) to the complaint in an action brought against them on a note in which it is alleged they executed and delivered to appellee's testatrix during her life time. Previously to the entry of the order appealed from, an order striking the counterclaim, of which the latter was amendatory, had been entered. The appellee urges, as a ground for dismissing the appeal, that the amended counterclaim is a mere restatement and reassertion of the original counterclaim stricken some months previously from which no appeal has been prosecuted within the time provided by law; that all matters presented by the amended counterclaim were rendered res adjudicata by the order striking the former one of which they were an exact counterpart and hence, must be deemed to have

been finally disposed of for the purposes of appeal by the order striking the original counterclaim. What we shall say upon a ground of dismissal, noticed by us, will render unnecessary a decision of these questions.

It appears obvious to us that the appeal must be dismissed as one prosecuted from an unappealable interlocutory order. The action on the note is still pending and undetermined. Upon an appeal from that judgment, when entered, the appellants may have reviewed the error, if any, in the order striking their amended counterclaim.

The order appealed from is not a final judgment contemplated by 1941 Comp., Sec. 19-201, Rule 5, subd. 1, which provides:

"Within three months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court."

In the case of Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 1287, 114 A.L.R. 726, quoting from Freeman on Judgments, Sec. 34, a final judgment is defined as follows:

" 'The general rule recognized by the courts of the United States and by the courts of most, if not all, of the states, is that no judgment or decree will be regarded as final, within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it.' "

It is next to be considered whether the order appealed from is such an interlocutory order "as practically dispose[s] of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory * * * order", within the purview of 1941 Comp., Sec. 19-201 (Rule 5 subd. 2). If it is not such an order, then the appeal must be dismissed as untimely.

A similar question was recently before this court in the case of Burns v. Fleming et al., 48 N.M. 40, 145 P.2d 861, and Miller v. Montano et al., 48 N. M. 78, 146 P.2d 172. In both of these cases we held against the contention of appellants. In Burns v. Fleming et al., supra, we announced the rule, which was later followed in Miller v. Montano et al., supra, that:

"Generally, a ruling upon a motion to strike out a pleading, or matter therein, is not appealable until after final judgment, unless the order on motion would practically dispose of the merits."

That the order appealed from falls short of practically disposing of the merits of the action may be demonstrated by a reference to the pleadings in the case. In addition to the counterclaim that was stricken, appellants interposed numerous defenses to the suit on the note. The questions of appellants' liability on the note and their defenses thereto are yet to be

determined by the trial court. Upon a trial of the case on the merits, regardless of the nature of the judgment entered, appellants will be afforded an opportunity to have reviewed the error, if any, in the order striking their amended counterclaim.

■ In Otto-Johnson Merc. Co. v. Garcia, 24 N.M. 356, 174 P. 422, and Burns v. Fleming et al., supra, we said:

"The policy behind statutes, rules and decisions permitting appeals only from final judgments or orders substantially disposing of the merits of the action is that litigation shall not proceed piecemeal."

The rule announced by this court, in the cited case, is salutary and supported by the greater weight of authority. In the case of Ringling v. Biering, 83 Mont. 391, 272 P. 688, 690, dealing directly with a counterclaim, the court said:

"Accordingly, a judgment denying to a defendant the relief by him demanded in a cross-complaint is not a final judgment. Stockton, etc., Works v. Glen's Falls Ins. Co., 98 Cal. 557, 33 P. 633; Fleece v. Russell, supra [13 Ill. 31]. 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy. Elliott, App.Proc. §§ 90, 91; Western Union Tel. Co. v. Locke, 107 Ind. 9, 7 N.E. 579.' Stockton, etc., Works v. Glen's Falls Ins. Co., supra. See, also, Howe v. Key System Transit Co., supra [198 Cal. 525, 246 P. 39]. It is manifest that there cannot be two judgments, each finally disposing of the action. State ex rel. Mont. Cent. R. Co. v. District Court, 32 Mont. 37, 79 P. 546.

"In Freeman on judgments it is said:

"'Sometimes several issues of law and of facts are presented for the consideration of the court in the same suit or proceeding. In such case there can be no judgment from which an appeal can be taken while it remains necessary for the court to determine some issues of law or fact.' Section 26, p. 43 (4th Ed.). And that learned author further states that 'there cannot be a final judgment upon a defendant's cross-complaint, and later in the same action a final judgment disposing of other issues.' Section 26, p. 45.

"A counterclaim is merely a pleading on behalf of the defendant named in the action, and differs little as between the plaintiff and the defendant named in the action, from a cross-complaint. And, before the enactment of our statute (section 9151, R. C.1921) authorizing the filing of cross-complaints (in the year 1919), no one would have seriously argued that an order striking out a counterclaim constituted a final judgment. The order in this case was made merely in settlement of the pleadings, and was intermediate rather than final. No one would ever be heard to seriously urge that the portion of the order striking out the affirmative defenses pleaded by the defendants in their answer constituted a final judgment in the action;

and, in our opinion, the defendants' cross-complaint, made a part of the answer, is not properly placed in any different category."

See, also, Pritchard v. King et al., 104 Cal.App. 460, 285 P. 1086; Chambers et ux. v. Jones et al., 100 Tex. 519, 101 S.W. 2d 836; Yandell et al. v. City of Los Angeles, 214 Cal. 234, 4 P.2d 947; Dove v. Maxwell et al., 184 Ga. 460, 191 S.E. 916.

Appellants' challenge to the trial court's order striking their amended counterclaim, under the circumstances of this case, should be reserved and raised upon an appeal from the final judgment entered in the suit upon the note.

For the reasons stated, the motion to dismiss is well taken and will be granted, and

It is so ordered.

SADLER, C.J., and MABRY, BICKLEY, and BRICE, JJ., concur.