56 N.J. Super. 434 (1959)
153 A.2d 400
OLGA T. BARCLAY, ADMINISTRATRIX AD PROSEQUENDUM, PETITIONER-RESPONDENT,
v.
LINDEN FLIGHT SERVICE, INC., RESPONDENT AND AYER LEASE PLAN, INC., ADDED RESPONDENT, PURSUANT TO ORDER OF DEPUTY DIRECTOR, RESPONDENT-APPELLANT.
BARBARA B. VERNER, PETITIONER-RESPONDENT,
v.
LINDEN FLIGHT SERVICE, INC., AND AYER LEASE PLAN, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided June 30, 1959.
*435 Mr. Joseph Tuso, attorney for petitioner-respondent Olga T. Barclay, administratrix ad pros.
Messrs. Wise, Wise & Wichmann, attorneys for petitioner-respondent Barbara B. Verner.
Messrs. Shanley & Fisher, attorneys for respondent Linden Flight Service, Inc.
Mr. Edward E. Kuebler, attorney for respondent-appellant Ayer Lease Plan, Inc.
ASCHER, J.C.C.
Notices of appeal have been filed in each of the above entitled cases, April 9, 1959, by the respondent Ayer Lease Plan, Inc.
It appears that as a result of a motion the deputy director of the Division of Workmen's Compensation on March 30, 1959 directed that the respondent Ayer Lease Plan, Inc., be added pursuant to the order of the court.
The appeals of the respondent Ayer Lease Plan, Inc., are from the aforementioned interlocutory order adding Ayer Lease Plan, Inc., as a respondent, and for the failure of the deputy director to dismiss the amended petitions filed in the above entitled matters, insofar as they referred to the respondent Ayer Lease Plan, Inc.
All appeals from the Workmen's Compensation Division are controlled by the rules of the court, and in this instance are controlled by R.R. 5:2-5.
Ordinarily, an order would be made fixing the date for the hearing of the oral argument on the appeal; however, the matters presently before the court are in the nature of appeals from an interlocutory order, and not a final judgment. *436 Therefore, the literal application of this section indicates that no appeals are permitted, except from a final judgment, and that interlocutory orders will not be considered. In support of this position it will be found that appeals from interlocutory judgments, orders, or determinations are dealt with under R.R. 2:2-3(a) of the Appellate Division, which provides as follows:
"This court shall have the power to permit in its discretion an appeal to be taken from any interlocutory order or judgment or from an interlocutory decision or action of any state administrative agency (other than those governed by Rules 5:2-5 and 5:2-9) * * *."
Further authority for this position will be found in the Rules of the Supreme Court, and particularly in the rule controlling appeals to the County Court, under R.R. 1:2-12(a), which provides:
"Appeals to the county court from an order for determination of the Division of Workmen's Compensation shall be governed by Rule 5:2-5."
Again, referring to R.R. 5:2-5(a) and its sub-sections, it will be found that no reference is made to an appeal being made to the County Court from anything other than a judgment of the Workmen's Compensation Division.
Counsel for the respondent Ayer Lease Plan, Inc., cites the case of Nemeth v. Otis Elevator Co., Inc., 52 N.J. Super. 373 (Law Div. 1959), as authority for the appeal from an interlocutory order of the Division. In that decision Judge Duffy takes the position that from this exception in R.R. 2:2-3(a) it may be presumed that the unqualified term "judgment," as used in R.R. 5:2-5, embraces both final and interlocutory determinations. With this, this court cannot agree.
A reading of paragraph (a) does not leave this court with the impression that such a provision was intended under the rule. Judge Duffy further comments on reported cases as not throwing much light upon the problem, but concludes *437 he is not of the opinion that the rules, as presently written, require leave of court for the prosecution of an appeal from an interlocutory determination of the Compensation Division, and, further, indicates his abhorrence for piecemeal appeals, and finally concludes that if compensation appeals to the County Court are to conform to appellate practice generally in this respect, an amendment to the rules will be necessary.
The fact that R.R. 5:2-5 makes no reference to an appeal other than from a judgment of the Compensation Division, indicates to this court that no such a piecemeal appeal was intended, nor is there any authority for it. Obviously, the Supreme Court Committee on Rules, in its report of March 19, 1959, under Group C, which includes suggested rules which the committee considers to be without substantial merit or to be beyond the Supreme Court's rule-making power, have considered the situation in the light of the Nemeth v. Otis Elevator case, supra, and have attempted to forestall such a piecemeal appeal, unless leave to appeal is requested or granted by the County Court which is a suggested amendment to R.R. 5:2-5, and the reason given is to conform to the practice of the Appellate Division, R.R. 2:2-3(a), which presently expressly prohibits such an appeal. The classification given by the Rules Committee in its comment on the nature of the review sought in the County Court is stated as being a matter of statute and not rule, and in this particular instance, the statute, R.S. 34:15-66, is significantly silent as to an interlocutory appeal.
Therefore, it would appear that the action which is being attempted, on the part of the respondent Ayer Lease Plan, Inc., is premature, and not from a judgment of the Division, and consideration of the matters must await a final determination.
The court on its own motion finds that the attempted appeals are premature and they will, therefore, be dismissed in both of the above entitled matters, and the same remanded to the Division to proceed thereon forthwith.