61 N.J. Super. 299 (1960)
160 A.2d 676
WILLIAM T. BARRY, PETITIONER-RESPONDENT,
v.
WALLACE J. WILCK, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided April 29, 1960.
*300 Mr. William J. Straub argued the cause for petitioner-respondent (Mr. Joseph P. Dunn, attorney).
Mr. Isidor Kalisch argued the cause for respondent-appellant.
LYONS, J.C.C.
On this appeal the respondent attacks an order of the Workmen's Compensation Division setting aside a dismissal of the petitioner's claim, which dismissal had been entered for the reason of lack of prosecution as provided for in R.S. 34:15-54. Following oral argument of the appeal the court raised the problem of its jurisdiction to review an interlocutory order of the Division and invited counsel to express their views on the subject.
The County Court is not a court of general appellate jurisdiction. Whatever power it has to hear and determine appeals from the Workmen's Compensation Division is derived from N.J.S.A. 34:15-66, which provides, in part, as follows:
"Either party may appeal from the judgment of the director, deputy director, or referee, to the County Court [etc.] * * * The judgment entered in the County Court on any such appeal shall be conclusive and binding, and proceedings thereon shall only be for the recovery of moneys thereby determined to be due. * * *"
The use of the word "judgment," without any qualifying or amplifying language, and in the context found, imports the idea of "final judgment." Clearly, it deals with the final disposition of the issues raised in a proceeding. It is unreasonable to conclude that the Legislature intended to convey the idea that all intermediate and interlocutory orders made by the Division in the course of its processing a compensation claim should be appealable as a matter of right. This would encourage piecemeal appeals and could embarrass the disposition of a cause by vexatious recourse to the appellate tribunal. It would seem anomalous, too, that there should exist a right of appeal to the County Court *301 from an interlocutory order, when, as a matter of rule, further appeal to the Appellate Division depends upon the exercise of the discretionary power of that court.
While I am in accord with the result reached in Barclay v. Linden Flight Service, Inc., 56 N.J. Super. 434 (Cty. Ct. 1959), it is for the reason above stated, rather than for the reason that the practice and procedure laid down in the Supreme Court rules do not countenance such an appeal.
The appeal is dismissed. An appropriate order, consented to as to form, may be submitted.