414 P.2d 211

Bea Etta Harris HALL and Hollis Ward Harris, Plaintiffs-Appellees,

v.

LEA COUNTY ELECTRIC COOPERATIVE, INC., Defendant-Appellant.

No. 7733.

Supreme Court of New Mexico.

April 11, 1966.

Rehearing Denied May 18, 1966.

Heidel, Swarthout & Samberson, Lovington, for appellant.

Norwood & Harris, Roswell, for appellees.

CHAVEZ, Justice.

Defendant-appellant appeals from a "Final Judgment" entered October 14, 1963, in a condemnation petition filed by defendant during the proceeding relative to the original case, and from the order denying

defendant's motion for a new trial of all matters relating to the injunctive relief prayed for by plaintiffs-appellees.

Plaintiffs filed a complaint on June 28, 1961, alleging that defendant, without first making any compensation therefor, without a decree in condemnation, without right or authority, and without plaintiffs' consent, entered upon a part of two adjoining sections of plaintiffs' land and appropriated the same to its own use, by surveying the land, placing stakes and depositing materials and supplies thereon for the purpose of constructing a power line. The complaint also alleged that irreparable damage would result to plaintiffs unless defendant was restrained, concluded with a prayer for a temporary restraining order, and a further prayer that plaintiffs be awarded damages for the trespass, plus exemplary damages.

On June 28, 1961, Judge George L. Reese issued a temporary restraining order and also ordered defendant to show cause why the temporary restraining order should not be continued as a preliminary injunction during the pendency of the action. The hearing on the order to show cause was continued to July 29, 1961.

On July 28, 1961, defendant filed its answer, denying the allegations of trespass and alleged damages. Defendant also alleged that it was a holder of a franchise from Lea County permitting it to use the public highways in the county for its poles, wires and equipment, pursuant to § 68–1–3, N.M.S.A., 1953 Comp. Defendant further alleged it recognized that the state of Texas had recently constructed a paved highway running along the east line of the two sections, with the paved portion being wholly in the state of Texas, but denied that the portion of the existing highway lying in the state of New Mexico has in any manner been discontinued by any action of the county commissioners under § 55–4–4, N.M.S.A., 1953 Comp., and also denied that it had been abandoned or lost to the county by nonuse.

The trial court announced its decision orally from the bench, maintaining the restraining order in force, and expressed the opinion that the franchise rights acquired by a utility from the county applied only to public highways acquired by the county by purchase or condemnation, and did not apply to highways acquired by prescription. The trial court indicated that the statute under which the franchise was issued had no application.

On September 1, 1961, defendant filed an amended answer, adding as a defense that under §§ 45–4–1 through 45–4–32, N.M.S.A., 1953 Comp. (Rural Electric Cooperatives Act), defendant is authorized by § 45–4–3(k) to use the public thoroughfares for its lines. Defendant also alleged that plaintiffs' complaint failed to state a cause of action on which relief could be

granted; that plaintiffs were limited to the statutory remedy of invoking the eminent domain statutes; and that plaintiffs had an adequate remedy at law and could not maintain their action for injunctive relief.

On September 9, 1961, Judge Brand orally denied defendant's motion of September 1st for a judgment on the pleadings, or, in the alternative, for summary judgment.

Defendant then filed a counterclaim asking for alternative relief by condemnation of the easement in question for the construction of its proposed transmission lines.

Plaintiffs responded to the counterclaim on November 6, 1961, asking that defendant's petition for condemnation be disallowed.

Judge Brand heard defendant's petition for condemnation on November 6, 1961, granted it, and appointed three commissioners to assess the damages. On January 15, 1962, plaintiffs excepted to the report of the commissioners and eventually demanded a trial by jury. The trial was held April 15, 1963, by Judge Kermit E. Nash, as Judge Brand had retired early in 1963. The jury awarded plaintiffs as damages a total of $600.

During that time, defendant filed a general request on February 8, 1962, asking the court for findings of fact and conclusions of law in connection with the matters at issue under plaintiffs' complaint and defendant's answer. Another such request was filed April 25, 1963, and expressly excluded any matters involved in the condemnation proceeding.

On September 20, 1963, defendant filed a motion, claiming that Judge Nash could not enter a final judgment on all of the matters in the case without retrial, or a new trial of all matters relating to the injunctive relief prayed for by plaintiffs.

On October 14, 1963, Judge Nash denied defendant's motion and entered final judgment on the condemnation proceeding. Appeal was then taken to this court.

When the report of the commissioners was approved on January 29, 1962, and defendant had paid the appraised value of the property to the court, defendant had a right, if already in possession, to continue therein and, if not, it could take possession of the property.

██ The injunction which plaintiffs had secured was a provisional and tentative order. Sontag Chain Stores Co. Ltd. v. Superior Court, 18 Cal.2d 92, 113 P.2d 689. The injunction at this point had accomplished its purpose and was without authority when the condemnation proceeding gave defendant the right of possession to go onto plaintiffs' land. After trial of the condemnation, the injunctive order was no longer effective and was subject to dissolution.

In its notice of appeal, defendant sets out two grounds: (1) From the "Final

Judgment" entered on October 14, 1963 (judgment on the condemnation); and (2) from the order of October 14, 1963, denying defendant's motion of September 20, 1963, referred to above.

■ Defendant concedes that the condemnation proceeding was completed with no objection thereto by defendant. This disposes of defendant's first ground for appeal.

■ With reference to defendant's second ground for appeal, we can only say that defendant's motion pertains to matters relating to the injunctive relief prayed for by plaintiffs. We are clear that the order denying defendant's motion is not an appealable order.

Section 21–2–1(5) (1), N.M.S.A., 1953 Comp., provides for appeals "from the entry of any final judgment in any civil action." Section 21–2–1(5) (2), N.M.S.A., 1953 Comp., provides for appeals from "such interlocutory judgments, * * * as practically dispose of the merits of the action."

This court has clearly held that an appeal to this court may not be taken from a denial of a motion to quash a writ of garnishment, Cornett v. Fulfer, 26 N.M. 368, 189 P. 1108, or from the overruling of a demurrer, Wanser v. Fuqua, 46 N.M. 217, 126 P.2d 20. In Otto-Johnson Mercantile Co. v. Garcia, 24 N.M. 356, 174 P. 422, we said that a refusal to dismiss is not an interlocutory order which practically disposes of the merits of an action.

■ Such holdings were further analyzed in Floyd v. Towndrow, 48 N.M. 444, 152 P.2d 391, where we held that an order striking an amended counterclaim was not a final judgment nor an interlocutory order which practically disposed of the merits. In Floyd we quoted from Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726, which defined a final judgment as follows:

" 'The general rule recognized by the courts of the United States and by the courts of most, if not all, of the states, is that no judgment or decree will be regarded as final, within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it.' "

For the reasons given, the appeal is dismissed as prematurely brought.

It is so ordered.

NOBLE and COMPTON, JJ., concur.