432 P.2d 267

**William R. JOHNSON, Plaintiff-Appellee,**

**v.**

**C & H CONSTRUCTION COMPANY and Great American Insurance Company, Defendants-Appellants.**

**No. 33.**

Court of Appeals of New Mexico.

Aug. 11, 1967.

J. E. Casados, Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellants.

John J. Duhigg, Sheehan & Duhigg, Albuquerque, for appellee.

## OPINION

WOOD, Judge.

Was the judgment in this workmen's compensation case appealable? This issue is raised by motion of plaintiff filed

after defendant's appeal was submitted on the merits. Since the motion presents a jurisdictional question, it is properly before us. Jurisdictional questions may be raised at any time. Foster v. Addington, 48 N.M. 212, 148 P.2d 373 (1944); see Baca v. Perea, 25 N.M. 442, 184 P. 482 (1919); Griffin v. Jones, 25 N.M. 603, 186 P. 119 (1919); Des-Georges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966).

■■ Judgments in workmen's compensation cases must be drawn to carry out the purposes of our Workmen's Compensation Act. Section 59–10–16, N.M.S.A.1953. Under the provisions of the Workmen's Compensation Act, there may be more than one judgment or order on issues under the act. As examples, see §§ 59–10–18.7(F), 59–10–19.1 and 59–10–25, N.M.S.A.1953.

■ Yet, under § 59–10–16.1, N.M.S.A. 1953, appellate review is limited to a final order or judgment. A judgment or order is not final unless all the issues of law and of fact necessary to be determined, were determined, and the case completely disposed of so far as the court has power to dispose of it. Floyd v. Towndrow, 48 N.M. 444, 152 P.2d 391 (1944); Hall v. Lea County Elec. Coop., 76 N.M. 229, 414 P.2d 211 (1966). In determining whether there is a final judgment or order, we look to the substance and not the form of the judgment or order. Rio Arriba County Bd. of Education v. Martinez, 74 N.M. 674, 397 P.2d 471 (1964).

■ Thus, the final order or judgment under § 56–10–16.1, N.M.S.A.1953, means an order or judgment in the current proceeding that determines the issues of law and of fact necessary to be determined in that proceeding. The current proceeding must have been completely disposed of so far as the court has power to dispose of it. Barry v. Wallace J. Wilck, Inc., 61 N.J.Super. 299, 160 A.2d 676 (1960).

The pleadings raise issues concerning disability, medical and surgical benefits and attorney fees.

The judgment awards compensation for temporary total disability for a fixed period of time. It directs the defendants to pay certain surgical benefits if plaintiff elects to accept the surgery. If the surgery is accepted, plaintiff is to receive an additional period of temporary total compensation. We do not base our decision on these aspects of the judgment.

Apart from the temporary total compensation and surgical benefits, the judgment provides:

" * * * [F]urther determination in this matter will be deferred until this matter shall again come before the court upon appropriate motion of either party."

The judgment does not dispose of the issue of disability. If plaintiff has surgery, the judgment provides that plaintiff may " * * * further petition this court for an award of disability * * * " at the end of the temporary total compensation to be paid in connection with the surgery. If plaintiff docs not have surgery, the judgment provides " * * * that, by appropriate motion, a final order will be entered herein."

■ A conclusion of the trial court states that if plaintiff doesn't arrange for the recommended surgery " * * * then the Court will find that * * * no permanent disability exists * * *." This conclusion is not carried forward into the judgment and has no effect. Treadwell v. Henderson, 58 N.M. 230, 269 P.2d 1108 (1954).

The judgment does not dispose of the issue of attorney fees under § 59–10–23(D), N.M.S.A.1953. It defers this question until further proceedings are held.

■ The issues of disability and attorney fees were before the court in this proceeding. Since these issues have not been determined, this proceeding has not been disposed of so far as the court had power to dispose of it. Since further judicial action is essential, there is no final judgment or order as to this proceeding. Rio Arriba

County Bd. of Education v. Martinez, supra; see Barry v. Wallace J. Wilck, Inc., supra; Armour & Co. v. Moore, 206 Okl. 72, 240 P.2d 1113 (1951); Lind v. Lind, 142 Mont. 211, 383 P.2d 808 (1963).

Section 21-2-1(5) (2), N.M.S.A.1953, authorizes appeals, in civil actions, from interlocutory decisions that practically dispose of the merits of the action, so that any further proceeding would be only to carry into effect such interlocutory decisions. We do not decide whether there may be an appeal from such an interlocutory decision in a workmen's compensation case. See §§ 21-2-1(5), (6) and 21-10-5, N.M.S.A.1953; compare § 59-10-16.1, N.M.S.A.1953. Assuming that such an interlocutory appeal is authorized, the judgment in this case is not such an interlocutory decision. Neither the issue of disability nor of attorney fees have been disposed of on the merits.

The judgment is not appealable. The appeal is dismissed.

It is so ordered.

HENSLEY, Jr., C. J., and OMAN, J., concur.