ELSIE COMPARRI ET AL., PETITIONERS-DEFENDANTS, v.
JAMES READDING, INC., RESPONDENT-PROSECUTOR.

Argued October 4, 1938—Decided January 24, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Franklin J. Marryott.*

For the defendants, *Isadore Rabinowitz.*

PER CURIAM.

This writ brings up an award of counsel fee made to the petitioners, the widow and daughter of Louis Comparri, who was killed as the result of an accident arising out of and in the course of his employment by prosecutor. The counsel fee was awarded for services in the Court of Errors and Appeals.

The Workmen's Compensation Bureau held the daughter, Lorraine Comparri, was a total dependent of her father. On appeal to the Common Pleas this was affirmed. On *certiorari* the Supreme Court held she was a partial dependent and reduced the award accordingly. On appeal to the Court of Errors and Appeals that court reversed the judgment of the Supreme Court and affirmed the award as originally made in the lower tribunals. The difference in the amount of the award was approximately $1,800.

Both parties then made application under *R. S.* 34:15-67, which provides for allowances by the Common Pleas Court to the successful party in the Supreme Court on *certiorari* and in the Court of Errors and Appeals on appeal. The employer claimed to have been the successful party in the Supreme Court and the petitioners to have been the prevailing party in both the Supreme Court and the Court of Errors and Appeals by reason of the fact that the reversal by the latter court finally resulted in *remittitur* and judgment in their favor in the Supreme Court. The Common Pleas judge declined to allow either party a fee for services in the Supreme Court but allowed the petitioners the sum of $850 against the employer for services in the Court of Errors and Appeals. Both parties claim to be aggrieved.

The employer-prosecutor argues that the statute is unconstitutional in that it takes away the jurisdiction of the Supreme Court and Court of Errors and Appeals to award counsel fees and confers such jurisdiction upon the Common Pleas. We find no merit in this contention. Except in certain classes of cases, of which this is not one, counsel fees are entirely the creatures of statute. *In re Queen,* 82 *N. J. Eq.* 588; *In re Brooks,* 106 *Id.* 242; *Nobile* v. *Bartletta,* 112 *Id.* 304. There is no inherent power in either the Supreme

Court or the Court of Errors and Appeals to award a counsel fee to the successful party against the losing party in a workmen's compensation case. Therefore, there is no infringement of the jurisdiction of those courts in a statute which confers such power upon the Court of Common Pleas.

It is also argued that it is against the public policy of this state to allow counsel fees in workmen's compensation cases in excess of twenty per cent. of the amount in dispute. The basis of this argument is that by *R. S.* 34:15-64 the award in the bureau is now limited to twenty per cent. of the judgment. However, there is no such limitation in the section under consideration, and the argument of prosecutor is pertinent only in so far as it affects the reasonableness of the award.

Prosecutor makes a point that the judge who made the award is related to one of the attorneys for the petitioners, but the brief does not contend that such relationship resulted in any improper action or prejudiced prosecutor, so we see nothing in this point.

Prosecutor argues that it was entitled to a counsel fee as against petitioners in the Supreme Court because it had the judgment on *certiorari* there. On this point petitioners have filed a reason claiming that because they obtained the ultimate decision they were the prevailing party on the *certiorari*. We are of the opinion that the words "party prevailing" in this act must be construed to mean the party ultimately prevailing when the matter is finally set at rest, and that the petitioners were the prevailing party in both of the upper courts in view of the final outcome of the case.

The remaining point is as to the reasonableness of the allowance and we conclude that it was too large. We deem a proper allowance to be $300 for services in the Supreme Court and $300 for services in the Court of Errors and Appeals, and as so reduced to $600 in all, the award will be affirmed. No costs to either party on this writ.