ESSEX COUNTY COURT OF COMMON PLEAS.

ROBERT E. KING, PETITIONER, v. WESTERN ELECTRIC COMPANY, RESPONDENT.

ANNA ROSE KING, PETITIONER, v. WESTERN ELECTRIC COMPANY, RESPONDENT.

Decided March 29, 1940.

For the petitioner, *Congleton & McLaughlin* (*Richard J. Congleton*).

For the respondent, *Edwin J. O'Brien* (*Shelton Pilney*, of counsel).

HARTSHORNE, C. P. J. This is an application under the statute for the allowance of counsel fees in both the above cases, for proceedings taken therein before the Supreme Court and the Court of Errors and Appeals. *R. S. II, 54*:15-67. "These unusual provisions for the lower court to allow counsel fees for work done in the upper courts, can apply only within the statutory limits. These limits are 'where the judgment of the Court of Common Pleas is reviewed' " in compensation cases on *certiorari* in the upper courts. *Fischman* v. *Joseph Fish Hat Co.* (Essex Common Pleas, May 16th, 1939, unreported); affirmed (New Jersey Supreme Court, February 25th, 1940, unreported).

Since, in the Anna King case, the Common Pleas was in nowise involved, the above statute is inapplicable, and no

counsel fees are allowable here, as counsel for the employe admits.

As to the Robert King case, the *certiorari* proceedings covered both the record in the bureau and that at the Pleas. Before the bureau, the points involved were whether the employe's petition was filed within time, whether a previous order made the matter *res judicata,* and whether a compromise agreement was finally dispositive. In the Pleas, on the other hand, the decision was simply that the Pleas lacked jurisdiction, since the appeal was from a preliminary order, not from a final decision on the merits.

That the *certiorari* proceedings were considered by all concerned to be a review of the action of the bureau in passing upon the above grounds, and not a review of "the judgment of the Court of Common Pleas" that it had no jurisdiction, is evident. For the opinion of the Supreme Court, on *certiorari,* whose judgment was in the Court of Errors and Appeals "affirmed for the reasons expressed in the opinion delivered by Mr. Justice Heher in the Supreme Court," deals solely and entirely with the above grounds of the bureau's action, and not at all with the sole question decided by the Common Pleas, as to its lack of jurisdiction, as above. *King* v. *Western Electric Co.,* 122 *N. J. L.* 422; 5 *Atl. Rep.* (*2d*) 490; 124 *N. J. L.* 129; 11 *Atl. Rep.* (*2d*) 32. The mere fact that the return to the writ of *certiorari* was made solely by the Pleas, and that the *remittitur* was to the Pleas, does not indicate the contrary. This was solely procedural, and necessary, due to the fact that the record of the entire matter, both before the bureau and the Pleas, lay before the Court of Common Pleas, both at the time the writs were taken out, and at the time the decisions thereon were rendered.

It thus follows that essentially it was the action of the bureau which was reviewed on *certiorari,* and not "the judgment of the Court of Common Pleas." In other words, the writ was one taken out under the inherent common law power of the Supreme Court, and not one to which the unusual statutory fee provision is applicable.

Accordingly, petitioner's counsel's application for fees should be made as at common law, and the petition here will be denied.