SAMUEL LICKER, PROSECUTOR, v. J. G. MARTIN BOX CO., RESPONDENT.

Submitted May 6, 1941—Decided August 14, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the prosecutor, *Nathan Rabinowitz* and *Isadore Rabinowilz.*

For the respondent, *John Pomfret, Jr.*

The opinion of the court was delivered by

CASE, J. This is the return of a rule to show cause why a writ of *certiorari* should not issue to review a judgment of the Workmen's Compensation Bureau dismissing prosecutor's petition for a larger award based on alleged increased disability. Prosecutor did not take his statutory appeal to the Common Pleas, and his application for a writ is opposed

mainly upon that ground. He would justify that omission by the contention that the Deputy Commissioner rested the judgment of dismissal upon the latter's own examination of claimant's injuries in disregard of the uncontradicted testimony produced by the claimant; and that in doing so the officer acted without jurisdiction. The argument is intended, obviously, to bring the case within the scope of a jurisdictional controversy. For the reasons hereinafter given we think that the point is not sustained.

On June 4th, 1936, the petitioner suffered a compensable injury to his hand. On November 2d, 1936, he filed his claim petition with the Bureau. The determination by that tribunal on March 1st, 1937, was that he had sustained a 17½ per cent. loss of his right hand, a partial permanent disability. Petitioner had contended, and produced medical testimony in support, that the permanent disability of the hand was 50 per centum of total. He appealed to the Common Pleas which, on September 23d, 1937, affirmed the award. Immediately, October 4th, 1937, prosecutor filed a second claim alleging increased disability. Prosecutor protracted the putting in of his proofs. On April 11th, 1939, he put himself on the stand and was examined; on April 25th, 1939, he produced and examined a fellow workman; on November 9th, 1939, he examined two medical witnesses. On December 5th, 1939, the Bureau filed its determination and rule for judgment which held in part:

"Counsel for the Respondent moved for the dismissal of the petition on the grounds that the Petitioner had failed to make out any case against the Respondent for increased disability. To the arguments presented on this motion by the attorney for the Respondent this Court must agree. From the testimony of the Petitioner and from the testimony of the doctors called in behalf of the Petitioner no increase of disability has been proven. The maximum estimates of disability which can be considered by this court in the trial of the present case, as alleged by the medical witnesses of the Petitioner, is no greater than the disability claimed by medical witnesses in behalf of the Petitioner during the course of the first trial held in this matter. The Petitioner presents

nothing on which this court could base an award in favor of the Petitioner and presents nothing that necessitates the Respondent calling any witnesses for contradiction.

"In addition to the foregoing this court personally carefully examined the injured hand of the Petitioner. The Petitioner was allowed 17½% loss of the right hand by this court as a result of the original trial. From this personal inspection this court is of the opinion that the amount allowed the Petitioner originally was more than ample. As a matter of fact the Petitioner's disability does not appear at the present time to be equal to the amount awarded. The Petitioner presents evidence of less disability in his hand and from inspection of the Petitioner's hands this court is satisfied that the Petitioner is working and is using both hands in his work. In any event the Petitioner's disability from this court's examination does not amount to the award as originally made, and, as hereinbefore stated no medical witnesses called in behalf of the Petitioner presented any estimate of disability in excess of the disability originally claimed. This court therefore feels that the motion of the attorney for the Respondent should be granted."

From that determination the petitioner took no appeal. Instead, he filed with the Bureau, on December 14th, 1939, a third petition, also making claim for increased disability. On February 26th, 1940, the last mentioned petition was dismissed on the ground that it was out of time and that the Bureau therefore had no jurisdiction; and no appeal was taken from that dismissal. On November 22d, 1940, more than eleven months after the ruling sought to be reviewed and nearly nine months after the fruitless ending of the third petition, prosecutor sought a writ of *certiorari* to review the determination of December 5th, 1939, or, failing that, a rule to show cause why a writ should not issue. The writ was denied, but the rule was granted and is now before us. Petitioner has been represented by attorneys throughout; in fact, by the same attorneys.

This court may undoubtedly, in its discretion, issue the writ, but it is the established and general practice that a writ does not ordinarily go where an appeal lies. *Rahway* v.

*Cleary,* 10 *N. J. Mis. R.* 545. Well recognized exceptions exist. First may be mentioned that which really is not an exception, viz., the instance of a compensable injury occurring outside of the state, in which event no appeal to the Pleas lies. *Steinmetz* v. *Snead & Co.,* 123 *N. J. L.* 138. So, too, those cases which arose during the effective period of chapter 280, *Pamph. L.* 1931, which undertook to limit the review of the Workmen's Compensation Bureau to proceedings in *certiorari. Allord* v. *Henry Muhs Co.,* 10 *N. J. Mis. R.* 1230. Writs have been allowed where only a point of law was involved and there was no adequate record for review, as when the Bureau improperly dismissed a petition without the taking of testimony and the making of a determination thereon. *Smith* v. *Klemm,* 118 *N. J. L.* 471. In still other cases writs were allowed for reasons that are not obvious and the court has not deemed wise to dismiss the writ without considering the merits. *State* v. *Packard-Bamberger & Co., Inc.,* 123 *Id.* 95. But in the main the practice of issuing a writ, notwithstanding the provision for statutory appeal, is the same with respect to the Compensation Bureau as with respect to other statutory tribunals, namely, that the allowance is granted only where some jurisdictional question is involved. *Degenring* v. *Kimble,* 115 *Id.* 379.

In so far as concerns the present discussion the determination filed in the Bureau found (1) that the petitioner had presented no evidence upon which an increased award to the petitioner should be given, and (2) that the observations made by the Deputy Commissioner of the impaired member indicated to that officer not only that there had been no increase in liability since the original award but also that the existing disability was not equal to the original award. The Deputy Commissioner clearly thought that the petitioner was a malingerer and said so in equivalent words. It was the privilege of the judicial officer to comment upon the facts of the case. Even in a jury trial the judge has the right, and frequently is under the duty, to comment upon the evidence provided he leaves the determination to the fact-finding body. This is so in criminal, *State* v. *Hummer,* 73 *N. J. L.* 714, as well as in civil trials, *Wilcox* v. *Christian and Missionary*

*Alliance,* 124 *Id.* 527. The petitioner had submitted himself and his hand for the observation of the Deputy Commissioner. Illustrative instances shown by the record—there are others— are: (On the direct examination of petitioner) "When I walk the streets I got to walk this way [indicating] * * *" and (on cross examination):

"*Q.* Hold both hands up to the court, Mr. Licker. *A.* (The witness does as requested.) *Q.* Put them on the table. *A.* (The witness does as requested.) *Q.* Turn them over. *A.* (The witness does as requested.) Mr. Hubley: I would like to note on the record, if it please the court that both hands obviously show, without any argument, that the man has been engaged in manual labor. I don't think Mr. Rabinowitz will refuse to admit that the hands show that."

There are numerous places in the transcript where the word "indicating" is used to report a physical demonstration. Those physical demonstrations are, of course, not shown in the record. Yet they were given for the judge to consider in arriving at his determination. What was he to do? Disregard them although they were in the case? Give weight to them but not say so in his determination? Neither the relevancy, the materiality nor any other phase of the admissibility of the testimony is disputed. Indeed, the prosecutor of the rule concedes in his brief that "an inspection of an injured member of the body is desirable as an aid to a deputy commissioner in the determination of a claim, provided there is some oral evidence upon which his findings is [are] based * * *." It seems to us that it was lawful for the Deputy Commissioner to notice those proofs and to formulate and announce his conclusions with respect thereto. But however that may be, the elements of the judgment had been resolved and announced before the reference to, and without dependence upon, the observations by the judicial officer. The Deputy Commissioner amplified his finding by announcing that his personal observations led him to the same result. But that did not alter the fact that he had already declared, upon the ground mentioned, that the case was at an end.

Further, and notwithstanding prosecutor's contention to the contrary, the medical testimony does not comply with the

rule stated in *Cirillo* v. *United Engineers and Constructors, Inc.,* 121 *N. J. L.* 511. The original finding of the Bureau was that there was 17½ per cent. permanent disability as against the petitioner's claim that the impairment was 50 per centum. That is *res adjudicata* of the condition as it then was. It is not for the petitioner to come in later, on a petition for increased disability, with proof that the disability at the second hearing is 20 per centum, as one of the petitioner's witnesses testifies, or 50 per centum, according to the second expert, and to claim thereon that the allowance should be increased from the basis of 17½ per centum disability to a 20 per centum or a 50 per centum disability. The question on the hearing for an increase is not what the opinion of the witnesses is as to the present absolute impairment but what the increase has been in the impairment since the last adjudication. It is a matter of comparison.

We consider that the judgment was appealable and that a writ of *certiorari* should not issue. The rule to show cause is discharged, with costs.