NATURAL PRODUCTS REFINING COMPANY AND AMERI-
CAN MUTUAL LIABILITY INSURANCE COMPANY,
PROSECUTORS, v. COURT OF COMMON PLEAS ET AL.,
DEFENDANTS.

Submitted October 6, 1942—Decided January 26, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutors, *James J. Carroll.*

For the respondents, *Drewen & Nugent.*

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* brings up for review
an order of the Hudson County Court of Common Pleas
allowing a counsel fee to counsel for the defendant New Jersey
Manufacturers' Casualty Insurance Company, to be paid
by the prosecutor American Mutual Liability Insurance
Company.

The matter grows out of a claim for compensation filed by
one William Domscheit against his employer, Natural Prod-
ucts Refining Company, for disability resulting from chrome
poisoning incurred in the course of his employment.   The
history of the litigation appears in the reported opinions.
*Domscheit* v. *Natural Products Refining Co.,* 14 *N. J. Mis. R.*
403; *Natural Products Co.* v. *Common Pleas,* 123 *N. J. L.*
522; 125 *Id.* 309.   Briefly, each of the insurance companies
insured the employer for part of the term of Domscheit's

employment and the question litigated was which of the companies was liable for the payments of compensation. There was no dispute as to the right of the employee to receive compensation or as to the primary liability of the employer to pay it.

Following the final determination of the matter in the Court of Errors and Appeals, which established the liability of American Mutual Liability Insurance Company, the cause was remitted to the Hudson Common Pleas, and application was made under the statute for services rendered upon the appeals. The statute in question, *R. S.* 34:15-67, provides for the allowance of a fee "to the party prevailing in the trial of such appeal, which fee may be taxed in the costs and recovered against the unsuccessful party."

The contention of the prosecutor is that the statute contemplates only a situation wherein the contending parties are the employee on the one hand and the employer, or his insurance carrier, on the other, so that where an employee establishes his right to an award he is entitled to a fee against his employer, or the insurer, and where his right to an award is defeated, counsel for the employer, or the insurer, may have a fee taxed against the employee. It is argued that in the situation presented in the instant case, the one insurance company was not a prevailing party against the other, but prevailed against the employee. In other words, there were two controversies, one between Domscheit and the New Jersey Manufacturers' Company, in which the insurance company prevailed, and the other between Domscheit and the American Mutual Company in which Domscheit prevailed.

We think the statute is not to be so narrowly construed and that the only real controversy was between the two insurance companies. Prosecutor, at one point in his brief, admits that the employee had no interest in the outcome of the litigation in the appellate courts. His right to compensation was secure and was not under attack. The Supreme Court said in its opinion, 123 *N. J. L.* (at *p.* 523), "The contest in this case, it is conceded, is between two insurance carriers." The Court of Errors and Appeals said, 125 *Id.* (at *p.* 309), "The controversy is not between the workman and his

employer as to the employee's right to compensation, which is conceded and has been paid, but between two insurance carriers as to liability for the compensation paid."

In this situation we can only conclude that there was litigation in which the contesting parties were the two insurance companies, in which one prevailed *in toto* against the other; that the language of the statute does not limit the allowance to a case of employee against employer, or *vice versa,* but is broad enough to cover any appeal wherein one contesting party prevails against the other in a matter arising under the Workmen's Compensation Act.

The amount of the fee awarded is not challenged. The order under review is affirmed, with costs.