MARY SKISLAK, PROSECUTOR, v. THE CONTINENTAL MINING AND SMELTING CORPORATION, DEFENDANT.

Submitted January 20, 1948—Decided April 17, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Aaron A. Melniker* and *Frank W. Heilenday*.

For the defendant, *James J. Skeffington*.

The opinion of the court was delivered by

DONGES, J. The writ of *certiorari* allowed in this case brings up for review a judgment of the Hudson County Court of Common Pleas reversing an order of the Workmen's Compensation Bureau which order re-opened the matter of prosecutor's petition for compensation, said petition having theretofore been dismissed for failure to prosecute in accordance with the rules and the statutes.

The prosecutrix filed a petition seeking compensation for the death of her husband allegedly resulting from an accident arising out of and in the course of his employment by defendant on October 19th, 1943. The petition was filed October 21st, 1943, and the matter was allowed to lie without action until September, 1946, when the attorney for the employer caused to be served by registered mail upon the attorney for petitioner a notice under the statute, *R. S.* 34:15–54, of motion to dismiss for lack of prosecution. This notice was delivered by the United States post office agent to the office of the attorney and was receipted for by an employee

in the office. On November 14th, 1946, the petition for compensation was dismissed. Thereafter petitioner, having secured other counsel, sought and obtained an order reinstating her petition. On appeal to the Common Pleas this action of the Bureau was reversed, and the present writ was allowed to review that action.

It is argued that the order of dismissal of November 14th, 1946, was improvidently entered in that there was no proper service of the notice to dismiss. We think it is clear that the notice was delivered at the office of the attorney of record for the petitioner. In fact, it appears from the allegations of the petition to re-open the judgment that petitioner and her attorney had actual knowledge of the notice of motion. In the absence of any statutory requisite as to the manner of service of the notice, we think that actual knowledge of the pendency of the motion was sufficient. *Brost* v. *Whitall-Tatum Co.*, 89 *N. J. L.* 531. We think this holding likewise disposes of the contention that where service is made by registered mail it must be addressed to the address of the petitioner contained in the compensation petition. Where actual service and knowledge are shown the requirements of constructive notice need not be shown.

It is urged that the action of the Compensation Bureau in opening its own judgment was discretionary and not appealable. But it was held in *Ruoff* v. *Blasi*, 117 *N. J. L.* 47; *affirmed,* 118 *Id.* 314, that "It was plainly the legislative purpose to invest the Pleas with general appellate jurisdiction of the judgments and orders of the Compensation Bureau; that is implicit in the statutory procedural scheme."

The other points raised need not be discussed in detail. It is sufficient to say that under the applicable cases, see *Long Branch* v. *Finn,* 131 *N. J. L.* 488, and the facts of this particular case as they appear in the record, the Court of Common Pleas was correct in its holding that the judgment should not have been opened.

The writ is dismissed.