THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTOR,
v. NEW JERSEY STATE AVIATION COMMISSION ET
AL., DEFENDANTS.

Submitted May 6, 1947—Decided May 5, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *John A. Hartpence.*

For the defendants, *Waller D. Van Riper, John W. Griggs* and *Morgan R. Seiffert.*

The opinion of the court was delivered by

Donges, J.  This is a writ of *certiorari* allowed to review the action of the New Jersey State Aviation Commission in issuing to the defendant Aeromotive Corporation of New Jersey, Inc., a license for the operation of an airport on lands owned by it in the Township of North Brunswick, Middlesex County.  The airport is located west of the right of way of the Pennsylvania Railroad Company, the end of the east-west runway being something over 600 feet from the railroad tracks.  The railroad at this point is electrified and there are erected along the tracks poles and wires composing a catenary system to a height of as much as 80 feet.  The objection of the railroad to the operation of an airport at this site is based upon the possibility of planes striking the catenary system, thus damaging this system, the trains operating past the airport and endangering the lives and safety of its passengers and workmen.

Upon application being made by Aeromotive Corporation of New Jersey, Inc., for a license to operate the airport, the prosecutor, Pennsylvania Railroad Company, made known to the Commission its objection.  A hearing was held at the State House on December 6th, 1945, at which counsel for the railroad and its chief engineer, as well as representatives of other objecting property owners in the vicinity, appeared and were permitted to state the grounds of their objection to the issuing of the license.  At the request of one of the objectors (not the present prosecutor) a date was fixed for a continuation of the hearing on January 7th, 1946, at New Brunswick. This hearing was held and the parties were heard.  Several persons were examined and cross-examined by counsel, although they apparently, according to the record, were not sworn as witnesses.

Under date of February 20th, 1946, the Commission notified counsel for the prosecutor that it had determined to dis-

miss the objections to the airport "on the grounds that they were without merit consistent with Federal Civil Aeronautics Administration Standards for safe operation of aircraft." Accordingly a license was granted with a restriction, however, providing "That no aircraft shall take-off to the East from the EW Runway." The prosecutor insists that the landing of aircraft from the east requires such low flights over the railroad tracks and wires as to constitute a hazard and made the licensing of the airport improper. The other objectors to the granting of the license before the Commission have not joined in the prosecution of this writ of *certiorari*.

It is contended by the prosecutor that the proceedings before the Commission were not in conformity with the law. Reference is made to the statutory provision, *R. S.* 6:1–31 (*Pamph. L.* 1938, *ch.* 48), that "It shall be the duty of the commission to hold public hearings on matters affecting aeronautics; to conduct investigations, inquiries and hearings concerning matters covered by the provisions of this chapter;" &c., and it is argued, "The prosecutor is of the opinion that the procedure adopted falls short in many respects of what is necessary before a *quasi*-judicial determination involving extensive property rights can be validly rendered. Fundamentally, the trouble with the procedure adopted by the Commission was that instead of being according to a set of rules published and made available to all interested parties. it was of spontaneous development without plan or course. "* * * Informality was the keynote and while this of itself is not objectionable, it is a basis for concluding that the procedure was most casual."

The statute provides in *R. S.* 6:1–56, "No order shall be set aside in whole or in part for any irregularity or informality in the proceedings of the commission unless the irregularity or informality tends to defeat or impair substantial right or interest of the prosecutor in *certiorari*." We conclude that there was nothing in the manner in which the Commission dealt with the matter that was prejudicial to the prosecutor for the reason that at both sittings of the Commission ample opportunity was afforded every objector to state his position, present his facts and make his argument against the granting

of the license. In fact, at the second hearing, on January 7th, counsel for the prosecutor made the following statement to the Commission, "Our position has been so fully presented at the previous hearing that I don't think it will be necessary to add anything." We find no merit in the objections to the procedure followed by the Commission.

The prosecutor further contends that the action of the Commission in dismissing the objections and granting the license was arbitrary, unreasonable and unsupported by adequate testimony; that the granting of the license was a direct violation of the recommendations of the Civil Aeronautics Authority of the federal government; that the Commission abused its discretion in that it should have weighed the public interest served by the railroad against that served by the airport, in that it based its findings upon normal operations at the airport instead of upon abnormal operations, in that it did not give proper weight to the purposes for which the airport will be used, and in that it did not properly consider the fact that the location of the airport along established airlines increases the hazard of the operation of an airport at the site in question because of the likelihood of many emergency landings by planes using such established airlines.

All of these questions involve a consideration and weighing of the facts of the case. The Commission listened to the statements and arguments of the parties respecting the factual situation prevailing at the site in question. It had the benefit of personal inspection of the *locus* by members of the Commission. This court has before it voluminous depositions taken by the parties under the writ of *certiorari*. The statute provides in *R. S.* 6:1–56 that, "The Supreme Court is hereby given jurisdiction to review any order of the commission and to set aside such order in whole or in part when it clearly appears that there was no evidence before the commission to support the same reasonably, or that the same was without jurisdiction of the commission." We think it cannot be said that the action taken was not within the jurisdiction of the commission, nor can it be said that there was not reasonable support in the evidence for the result reached by the commission. There was disagreement in the evidence taken, par-

ticularly in the opinion evidence as to the hazard involved, but there is no preponderance of proof to support the position of the prosecutor. Without detailing the evidence we reach the conclusion that there was ample to give reasonable support to the conclusion reached by the Commission.

Prosecutor further argues that the restriction against take-offs toward the east gives inadequate protection against the hazard involved in proximity to the railroad system. This likewise was a question of fact for which support is found in the proofs and upon which we find no reason for substituting our judgment for that of the Commission to which it was entrusted by statute. *Elizabeth* v. *New Jersey Jockey Club,* 63 *N. J. L.* 515.

It is also contended that in granting the license the Commission has given permission to persons to make low flights over prosecutor's property thus sanctioning the taking of the property of prosecutor without compensation in violation of its constitutional rights. If there should be or has been any violation of prosecutor's property rights by trespass, another form of action may lie, but this is a subject-matter not within the jurisdiction of the Commission.

The writ is dismissed, with costs.

COLIE, J. (Dissenting.) I disagree with the majority holding that the writ of *certiorari* should be dismissed.

The eleventh reason filed by the prosecutor reads:

"The proceedings purporting to be a hearing, conducted by a part only of the members of said Commission, were informal and non-judicial, and did not afford the objectors to the granting and issuance of said licenses an adequate opportunity to be heard in objection to the granting and issuance thereof, and who were thereby denied due process of law, in violation of the Constitution of the United States."

This point is treated in the prosecutor's brief. It reads: "The hearing must be before a quorum of the administrative body and *only those members hearing the evidence should participate in its determination.*" (Italics mine.) In the brief filed by the Attorney-General, this point is discussed and I quote therefrom:

"Fifthly, it is urged that the hearing must be held before a quorum of the administrative body and only those members hearing the evidence should participate in its determination. With this, we disagree. The aviation act specifically gives the power to its chairman or vice-chairman to conduct hearings in respect to matters involving aviation. It would seem very unreasonable to insist that because a member was not present he should be precluded after examination of the testimony presented before other members of the Commission and examination of the exhibits and factual and personal view of the ground situation—that this commissioner should be precluded from voting in favor or against the application."

The eleventh reason quoted above encompasses the point that one or more of the Commissioners who participated in the ruling under review did not hear all the evidence, and I am of the opinion that this court is bound by the decision of the Court of Errors and Appeals in *McAlpine* v. *Garfield Water Commission,* 135 *N. J. L.* 497. In that case, hearings were held and one of the Commissioners who voted to discharge McAlpine was absent during the taking of part of the testimony. The Supreme Court held that this did not invalidate the action of the Commission but on appeal the Court of Errors and Appeals held otherwise; Judge Wells saying (at *p.* 500) :

"It is well settled and well founded that in the conduct of such hearings these governmental bodies, being primarily administrative and not judicial, should not be held to strict conformity with judicial procedure required in a court of law. It is likewise well settled and well founded, however, that the employee concerned shall be given a fair and impartial trial. These elements of fairness and impartiality must appear in the conduct of the hearing itself and in the deliberations and decision which follow.

"Whenever any action is taken by a board or commission, it must necessarily be based upon the expressions of opinion and the vote of its members. If the action relates to a hearing such as concerned in this appeal, then the expressions of opinion and the votes of the several members must be based upon the evidence adduced from the hearing. Since it is not

feasible to evaluate the personal influence which may be exerted by any one member, we believe it necessarily follows that fairness and impartiality can only be assured when the members participating in the deliberations and decision of the board or commission, following a hearing on employee performance, have had an equal opportunity to hear and evaluate all of the evidence presented at the hearing."

There is no dispute in the instant case that all of the evidence was not presented in the presence of all of the commissioners who voted to grant the license and for that reason I believe that the decision under review should be reversed.

I am unable to perceive any distinguishing feature between the McAlpine case and the instant case arising out of the fact that the former involved the discharge of an employee and that the present case involves the granting of a license. Implicit in the opinion of the Court of Errors and Appeals is the fundamental thought that a person who has not heard the testimony is in no legal status to act as judge of the cause.