JAMES MONACO, PETITIONER-APPELLANT, v. ALBERT MAUND, INC., RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1952—Decided September 29, 1952.

Before Judges McGeehan, Bigelow and Smalley.

*Mr. Wallace P. Berkowitz* argued the cause for the appellant.

*Mr. Isidor Kalisch* argued the cause for the respondent (*Messrs. Kalisch & Kalisch,* attorneys).

The opinion of the court was delivered by

McGeehan, S. J. A. D.   In the Division of Workmen's Compensation the workman-petitioner was awarded $4,150 for partial permanent disability and an attorney's fee of $600 was allowed the workman's attorney.   The workman appealed.   Because the accident happened outside the State, the review was in the Appellate Division and the cause did not go to the County Court for a new trial in the ordinary course.   The Appellate Division found that the award of $4,150 made in the Division of Workmen's Compensation should be increased.   *Monaco v. Albert Maund, Inc.,* 17 *N. J. Super.* 425 (1952).   The workman's counsel then moved before the Appellate Division for the allowance of a reasonable counsel fee "for services rendered on the appeal pursuant to *Rule* 5:2–5" and the Appellate Division ordered its mandate amended to provide "that counsel for the appellant be allowed a counsel fee of $400 for services rendered on this appeal * * *."

When the record was returned to the Division of Workmen's Compensation, the deputy director calculated the additional medical expense and compensation in accordance with the rulings of the Appellate Division at $4,054.10. The workman's attorney moved therein for the allowance of

an additional attorney's fee based on the additional award of $4,054.10 obtained on the appeal. The deputy director concluded that the award of the $400 counsel fee made by the Appellate Division under *Rule* 5:2–5 for the "services rendered on the appeal" included a fee based upon the additional award of $4,054.10, and for this reason denied the motion. The deputy director erred.

*R. S.* 34:15–64, as amended *L.* 1945, *c.* 74, §° 16, authorizes the allowance to the successful party in the Division of Workmen's Compensation of "a reasonable attorney's fee, not exceeding twenty per cent of the judgment * * *." It was by virtue of this authority that the deputy director allowed the $600 attorney fee based on the original award to the workman of $4,150. If this award of $4,150 to the workman had been reduced on appeal to the Appellate Division, the original award of the $600 attorney fee would have to be reduced in the judgment as entered, if it exceeded the statutory maximum of twenty per cent of the award as reduced. *Hopler v. Hill City Coal & Lumber Co.,* 7 *N. J. Super.* 24 (*App. Div.* 1950), affirmed 5 *N. J.* 466 (1950). Likewise, if the Appellate Division orders an increase in the award to the workman, the Division of Workmen's Compensation is authorized to increase the original award of attorney's fee based on the amount of the workman's award, as finally determined, so long as it is kept within the statutory maximum.

Prior to the amendment of *Rule* 5:2–5 on January 1, 1952, there was no provision for the allowance of any counsel fee for services rendered on appeal in a case such as this where the accident happened outside the State and the appeal was directly from the Division of Workmen's Compensation to the Appellate Division. However, if the accident happened inside the State, the County Court was and is authorized to allow to the prevailing party on appeal "a reasonable attorney's fee" for services rendered on appeal in the County Court, the Appellate Division and the Supreme Court. *Rule* 5:2–5; *R. S.* 34:15–67 (as amended *L.* 1945,

*c.* 97, § 1). To correct the inequity then existing, under which the successful appellant in an out-of-State accident case could not receive any allowance for services rendered on appeal, *Rule* 5:2–5 was amended on January 1, 1952, to provide:

"When the original appeal from the Division of Workmen's Compensation is to the Appellate Division, the Appellate Division may, in its discretion, allow a reasonable counsel fee to the prevailing party on appeal, for his services in the Appellate Division of the Superior Court and the Supreme Court."

This amendment provided for the allowance of a counsel fee for services rendered on the appeal, but such fee is separate and distinct from any attorney fee allowance based on the amount of the award. *Cf. Sunkimat v. Senger Coal & Ice Corp.,* 137 *N. J. L.* 103 *(Sup. Ct.* 1948); *Bondar v. Simmons Co.,* 20 *N. J. Super.* 147 *(Cty. Ct.* 1952). The latter fee in such a case is under the control of the Division of Workmen's Compensation and any increase or decrease in such fee because of change in the workman's award on appeal must be made by the Division of Workmen's Compensation. Consequently, the $400 counsel fee awarded in this case by the Appellate Division for services rendered on the appeal could not have included any allowance to the workman's attorney as attorney's fee based on the amount of the increased award.

The order dismissing petitioner's application to reopen the judgment entered March 21, 1952, is reversed; the judgment entered March 21, 1952, is reopened and the Division of Workmen's Compensation ordered to reconsider petitioner-appellant's application for an additional counsel fee based on the additional award allowed by the Appellate Division.