65 N.J. Super. 130 (1961)
167 A.2d 181
WILLIAM T. BARRY, PETITIONER-RESPONDENT,
v.
WALLACE J. WILCK, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1960.
Decided January 13, 1961.
*132 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. J. Alan Drummond argued the cause for the petitioner-respondent (Mr. Joseph P. Dunn, attorney).
Mr. Isidor Kalisch argued the cause for the respondent-appellant.
The opinion of the court was delivered by GAULKIN, J.A.D.
In June 1955 the Division of Workmen's Compensation made an award in favor of petitioner William T. Barry (Barry) and against respondent Wallace J. Wilck, Inc. (Wilck). In January 1958 Barry filed an application in the Division, pursuant to N.J.S.A. 34:15-27, for a review of the award on the ground that his disability had increased. Barry failed to prosecute his application, *133 so Wilck gave notice that on July 23, 1958 it would move to dismiss it. On July 21, 1958, in response to the notice, Barry's counsel wrote Deputy Director Medinets that Barry "does not wish to proceed with his petition for increased disability * * * we, therefore, do not oppose the respondent's Motion to dismiss this petition. We are proceeding with a petition on behalf of the petitioner in an effort to obtain for him the benefits afforded by the 1% Fund." Accordingly, by order dated October 16, 1958 Deputy Director Medinets granted the motion and dismissed the application.
On September 17, 1959 Barry's attorney served notice upon Wilck that on October 8, 1959 he would "move to set aside the dismissal." The notice gave no reasons, nor was the motion supported at any time by any affidavit or other proof. Merely upon counsel's oral argument, and over Wilck's objection, Deputy Director Napier ordered the dismissal set aside and the application reinstated. Wilck then appealed to the County Court, which dismissed the appeal on the ground that it had no jurisdiction to entertain an appeal from an interlocutory order. The opinion of the County Court is reported in 61 N.J. Super. 299 (1960). Wilck thereupon secured from this court, pursuant to R.R. 2:2-3, leave to "appeal from the Order of the Essex County Court dismissing respondent's appeal." Pursuant to that leave, the case is now brought before us.
Wilck contends that, now that the case is here, it is immaterial whether the County Court did or did not have jurisdiction over it. In either event, says Wilck, we should decide the merits, for, if the County Court did not have jurisdiction, this court does; and if it had jurisdiction, we should not only reverse the County Court but decide the meritorious legal questions as well. Temple v. Storch Trucking Co., 3 N.J. 42, at p. 45 (1949); cf. Pfahler v. Eclipse Pioneer Division of Bendix Aviation Corp., 38 N.J. Super. 156, 159 (App. Div. 1955), affirmed 21 N.J. 486 (1956); R.R. 1:5-4.
*134 The meritorious grounds of appeal, says Wilck, are that (1) the application for increased benefits was not made "within two years from the date when the injured person last received a payment" (N.J.S.A. 34:15-27), and hence the Division had no jurisdiction to entertain the application, or, a fortiori, to reinstate it; (2) Deputy Director Napier had no jurisdiction to set aside the dismissal, because the statute (N.J.S.A. 34:15-54) expressly provides that only the deputy "before whom the matter was heard," or the Commissioner of Labor, may do so, and (3), in any event, "good cause" for the reinstatement was not shown. Nemeth v. Otis Elevator Co., Inc., 55 N.J. Super. 493 (App. Div. 1959).
Barry, on the other hand, contends that neither the County Court nor this court may entertain an appeal from an interlocutory order of the Division of Workmen's Compensation. He says that, in the case at bar, we have only the power to affirm or reverse the dismissal of the appeal by the County Court, and, if we affirm, we have no power ourselves at this time to consider the merits. It is therefore essential that we first consider the jurisdiction of the County Court and of this court with reference to this appeal.
The question of the jurisdiction of the County Court has been raised in several recent cases, with conflicting results. Compare Skislak v. Continental Mining and Smelting Corp., 137 N.J.L. 157 (Sup. Ct. 1948), and Nemeth v. Otis Elevator Co., Inc., 52 N.J. Super. 373 (Cty. Ct. 1958), reversed 55 N.J. Super. 493 (App. Div. 1959) (but this point was not raised on appeal), with Barclay v. Linden Flight Service, Inc., 56 N.J. Super. 434 (Cty. Ct. 1959). See also Bronstein, "Judicial Review of New Jersey Workmen's Compensation Cases," 77 N.J.L.J. 181, 185, n. 33 (1954); King v. Western Electric Co., 122 N.J.L. 442 (Sup. Ct. 1939), affirmed 124 N.J.L. 129 (E. & A. 1940); Pfahler v. Eclipse Pioneer Division of Bendix Aviation Corp., supra.
*135 No appellate court decision prior to Skislak, supra, decided whether an appeal lay to the County Court or the Common Pleas from an interlocutory order of the Division. In Skislak the former Supreme Court held that the Pleas did have jurisdiction of such appeals; but the authority of the case is greatly weakened by the fact that it was reversed, albeit on other grounds, in 1 N.J. 167 (1948), and by the further fact that it purported to follow Ruoff v. Blasi, 117 N.J.L. 47 (Sup. Ct. 1936), affirmed 118 N.J.L. 314 (E. & A. 1937), which, however, involved an appeal not from an interlocutory but from a final order. Cf. Jaudel v. Schoelzke, 95 N.J.L. 171, 176 (E. & A. 1920).
In King v. Western Electric Co., supra, an application for increased disability had been dismissed, and afterwards the order of dismissal was vacated on the employee's motion. The employer appealed to the Pleas, but, since there the employee "stipulated for the entry of an order of reversal" (122 N.J.L., at p. 446), jurisdiction was apparently neither questioned nor decided, but merely assumed by the Pleas. However, the employee thereafter filed another petition for increased disability, and, when the employer's motion to dismiss it was denied, the employer again appealed to the Pleas. This time "Judge Flanagan ruled that such interlocutory orders were not appealable under the statute and he accordingly dismissed the appeal `for lack of jurisdiction'." (122 N.J.L., at p. 446.) The Supreme Court then granted certiorari, not to review the action of the Pleas but that of the Bureau, and reversed. However, the Supreme Court expressed no opinion on the question of the jurisdiction of the Pleas. Cf. King v. Western Electric Co., 18 N.J. Misc. 199-200 (C.P. 1940).
In Halloran v. Haffner, 25 N.J. Super. 241 (App. Div. 1953), the employer moved to dismiss a petition, challenging the jurisdiction of the Bureau over his person. After his motion was denied, "the employer not only filed a notice of appeal therefrom to * * * [the Appellate Division], but also instituted a proceeding in lieu of prerogative writ *136 for a review thereof in the Law Division of the Superior Court. By order of the Appellate Division, further proceedings before the Law Division were stayed (p. 246). The Appellate Division said (at pp. 246-247):
"The employer contends that this court does not have jurisdiction to hear and decide this appeal. Prior to September 15, 1948, * * * review of an order entered in the Division denying a motion for dismissal of a claim petition, based on the ground that the Division lacked jurisdiction, was * * * by means of a writ of certiorari to the former Supreme Court, even though no final judgment of the Division be involved (Deslauriers Column Mould Co. v. Jackson, 3 N.J. Misc. 258 (Sup. Ct. 1925)). Pursuant to the mandate contained in our 1947 Constitution (Art. VI, Sec. V, par. 4), our new Supreme Court provided in Rule 3:81 for procedure in lieu of prerogative writs. * * *

* * * * * * * *
We are satisfied that Rule 3:81-8 was intended to provide an appeal, as a matter of right, to the Appellate Division from any state administrative agency in any case in which, under our former practice, a review by our former Supreme Court was available by means of a prerogative writ. While the language used in Rule 3:81-8 is not free from ambiguity, we construe `action,' as used in this rule, to include any proceeding not included in `final decision' but still one which was reviewable under our former practice by means of a prerogative writ. This court does have jurisdiction to hear and decide this appeal."
In Pfahler v. Eclipse Pioneer Division of Bendix Aviation Corp., supra, the employer had appealed to the County Court from the Division's denial of its motion to dismiss the petition because it had been filed out of time. The County Court affirmed, and the employer appealed. Speaking for the Appellate Division, Judge Speakman questioned whether there was any longer an appeal "as a matter of right" to the Appellate Division, as Halloran had held, "in view of the 1954 amendments to R.R. 2:2-3(b) and R.R. 4:88-8," and also whether the appeal had been properly taken to the County Court. He said (38 N.J. Super., p. 159):
"Prior to the change brought about by the adoption of the Constitution of 1947, the former Supreme Court held that it could review *137 by certiorari the determination of the then Workmen's Compensation Bureau in denying a motion to dismiss a claim petition as having been filed out of time, even though not a final judgment, since the matter was one of jurisdiction. Deslauriers Column Mould Co. v. Jackson, 3 N.J. Misc. 258 (1925). * * *
"However, no objection was interposed to the appeal to the County Court, and none has been made here. Since there can be no question that this court would ultimately have power to review the jurisdictional question, we proceed to a consideration of the matter on the merits without further comment upon the route traveled to arrive at this destination except to say that our action in so doing is not to be taken as an approval of the procedure followed. See Temple v. Storch Trucking Co., 3 N.J. 42 (1949), at page 45."
In Nemeth v. Otis Elevator Co., Inc., supra, the County Court held that it did have jurisdiction over appeals from interlocutory orders, while in Barclay v. Linden Flight Service, Inc., supra, the County Court held it did not. In the case at bar the trial judge said, and we agree, that:
"* * * The County Court is not a court of general appellate jurisdiction. Whatever power it has to hear and determine appeals from the Workmen's Compensation Division is derived from R.S. 34:15-66, which provides, in part, as follows:
`Either party may appeal from the judgment of the director, deputy director, or referee, to the County Court, etc. * * *. The judgment entered in the County Court on any such appeal shall be conclusive and binding and proceedings thereon shall only be for the recovery of moneys thereby determined to be due. * * *'
The use of the word `judgment,' without any qualifying or amplifying language, and in the context found, imports the idea of `final judgment.' Clearly, it deals with the final disposition of the issues raised in a proceeding. It is unreasonable to conclude that the Legislature intended to convey the idea that all intermediate and interlocutory orders made by the Division in the course of its processing a compensation claim should be appealable as a matter of right. This would encourage piecemeal appeals and could embarrass the disposition of a cause by vexatious recourse to the appellate tribunal. It would seem anomalous, too, that there should exist a right of appeal to the County Court from an interlocutory order, when, as a matter of rule, further appeal to the Appellate Division depends upon the exercise of the discretionary power of that Court. * * *"
As we have pointed out, we find no record of any case prior to Skislak in which the court held that the Common *138 Pleas or the County Court had such jurisdiction, nor (except, as noted, in King) in which the Pleas assumed such jurisdiction. On the other hand, as was noted in King, supra, Judge Flanagan held that the Pleas did not have such jurisdiction. More significant is the fact that the old Supreme Court reviewed such orders by certiorari directed to the Bureau, which it would not have done (except, perhaps, under unusual circumstances) if an appeal lay to the Pleas. Halloran v. Haffner, supra; King v. Western Electric, supra; Stone v. Dugan Brothers of N.J., 1 N.J. Super. 13 (App. Div. 1948); Licker v. J.G. Martin Box Co., 127 N.J.L. 136, 139 (Sup. Ct. 1941); Breen Iron Works v. Richardson, 115 N.J.L. 305 (Sup. Ct. 1935), affirmed 117 N.J.L. 150 (E. & A. 1936); Allord v. Henry Muhs Co., 10 N.J. Misc. 1230 (Sup. Ct. 1932), affirmed opinion below 111 N.J.L. 237 (E. & A. 1933); Katz v. Zepela, 10 N.J. Misc. 258 (Sup. Ct. 1932), affirmed opinion below 110 N.J.L. 14 (E. & A. 1933); Deslauriers Column Mould Co. v. Jackson, 3 N.J. Misc. 258 (Sup. Ct. 1925). Cf. Penn. R.R. Co. v. N.J. State Aviation Commission, 137 N.J.L. 132 (Sup. Ct. 1948), reversed on other grounds 2 N.J. 64 (1949); Staubach v. Cities Service Oil Co., 130 N.J.L. 157 (E. & A. 1943).
From the foregoing we conclude that, unless the situation has been changed by the rules adopted since 1948, the Pleas did not have, and the County Court does not now have, jurisdiction to review interlocutory orders. We turn, therefore, to the rules.
The Supreme Court has said that it has no jurisdiction to govern the proceedings within the Division by rule. Mulhearn v. Federal Shipbuilding and Dry Dock Co., 2 N.J. 356 (1949). Indeed, when our new rules were first adopted, in 1948, there was no rule expressly governing appeals from judgments of the Workmen's Compensation Division. The forerunner of R.R. 5:2-5 was not adopted until 1950. Until that time such appeals were left entirely to the governance of R.S. 34:15-66. Substantively, the *139 review of the proceedings of the Division is still based upon said statute; R.R. 5:2-5 merely regulates the mechanics of such review. Bronstein, "Judicial Review of New Jersey Workmen's Compensation Cases," supra. When, following the County Court decision in Nemeth, supra, 52 N.J. Super. 373 (1958), it was proposed to amend R.R. 5:2-5 "to provide that an appeal may not be taken from an interlocutory order or determination of the Workmen's Compensation Division unless leave to appeal is requested and granted," the New Jersey Supreme Court's Committee on Rules rejected the proposal, in its report dated March 19, 1959, on the ground that "the nature of the review in the County Court of the Workmen's Compensation Division is a matter of statute and not rule." The statute (N.J.S.A. 34:15-66) now provides, "Nothing herein contained shall be construed as limiting the jurisdiction of the Superior Court to review any matter through a proceeding in lieu of prerogative writ. * * *" Similar language was contained in the forerunners of the present statute. L. 1945, c. 74, p. 397, § 17. In addition, the Superior Court has, of course, succeeded in general to the jurisdiction of the old Supreme Court in prerogative writ cases. N.J. Const. 1947, Art. VI, § 5, par. 4; Appeal of Pennsylvania Railroad Co., 20 N.J. 398, 411-412 (1956). Cf. Halloran v. Haffner, supra; Pfahler v. Eclipse Pioneer Division of Bendix Aviation Corp., supra.
We shall assume, without deciding, that the Supreme Court, under Winberry v. Salisbury, 5 N.J. 240 (1950), cert. denied, 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950), does have the right to forbid this court to review interlocutory orders of the Division, and to give that power exclusively to the County Court. Barry insists that the Supreme Court went even farther, when it adopted the new rules, and forbade any review by any court of interlocutory orders of the Division.
Barry argues that "[t]he type of review [by the old Supreme Court] as evidenced in the case of King v. Western *140 Electric Co., [supra] is no longer countenanced" because R.R. 1:2-12(a), R.R. 4:88-8(a) and R.R. 2:2-3(a) specifically exclude workmen's compensation appeals.
R.R. 1:2-12(a) provides:
"Appeals to the county court from an order or determination of the Division of Workmen's Compensation shall be governed by Rule 5:2-5."
R.R. 4:88-8(a) provides:
"Review of the final decision or action of any state administrative agency, other than those governed by Rules 5:2-5 and 5:2-9, shall be by appeal to the Appellate Division."
R.R. 2:2-3(a) provides:
"This court shall have the power to permit in its discretion an appeal to be taken from any interlocutory order or judgment or from an interlocutory decision or action of any state administrative agency (other than those governed by Rules 5:2-5 and 5:2-9) when, in the opinion of the court, the grounds of appeal are substantial."
R.R. 5:2-5 by its very terms governs appeals "to the county court from a judgment of the Workmen's Compensation Division." If the County Court has no jurisdiction to entertain an appeal from an interlocutory order, then, obviously, such an appeal is not "governed by" R.R. 5:2-5, is therefore not excepted from R.R. 4:88-8 or from R.R. 2:2-3, and is to the Appellate Division, upon leave first granted pursuant to 4:88-8(b), which provides:
"Leave to review an interlocutory decision or action of state administrative agencies may be granted by the Appellate Division under the conditions set forth in Rule 2:2-3."
As a parallel we point out that, before R.S. 34:15-66 was amended to give the County Court jurisdiction to review compensation awards arising out of accidents which occurred out of the State, the forerunners of R.R. 5:2-5 did not *141 govern such appeals and the Appellate Division had jurisdiction over them, even though no statute or rule so provided. Kelly v. Hackensack Water Co., 10 N.J. Super. 528, 531 (App. Div. 1950). Cf. Pitchenick v. New York Folding Box Co., 128 N.J.L. 206, 207 (Sup. Ct. 1942), affirmed 129 N.J.L. 399 (1943).
We are well aware that an argument can be made, based upon the history of the quoted rules, that the Supreme Court (a) deliberately chose to withhold from the Appellate Division the power to review interlocutory orders of the Workmen's Compensation Division, or (b) did so through oversight. If so, and if the County Court has no such power, no such review is possible.
The right to review an interlocutory order in a proper case is so important to litigants, and so essential to a modern system of jurisprudence, that it is inconceivable that the Supreme Court would deliberately block all possibility of such review without clearly saying so. Review of interlocutory orders was a part of our jurisprudence long before workmen's compensation, Mowery v. Camden, 49 N.J.L. 106 (Sup. Ct. 1886), and, after workmen's compensation was adopted, such review was extended to interlocutory orders of the Bureau. The reasons for this were well stated in Breen Iron Works v. Richardson, 115 N.J.L. 305 (Sup. Ct. 1935), affirmed 117 N.J.L. 150 (E. & A. 1936). There a workmen's compensation petition had been dismissed, without objection by petitioner. Over a year later application was made and granted to reopen the case, and the employer appealed. The employee argued, among other things, that certiorari should not have been granted because the order was interlocutory. The Supreme Court set aside the reopening, saying, as to this point (115 N.J.L., at p. 309):
"* * * the rule, as laid down by the late Mr. Justice Dixon in Mowery v. Camden, supra (at p. 109), is that `when the purpose is to review the proceedings of a special tribunal, on complaint of irregular procedure in matters legally brought within its jurisdiction, *142 a certiorari may legally issue before final decision, but ordinarily should not be allowed until then, for haply the tribunal may correct its own error in time. When the design is to reverse proceedings of special tribunals in matters not legally brought within their jurisdiction, then the writ of certiorari may legally, and ordinarily should, be allowed when asked for, either before or after final decision, because each step in such proceedings is an unlawful vexation of the party prosecuted, against which this writ is his sole protection.'"
Cf. Appeal of Pennsylvania Railroad Co., supra, 20 N.J., at pages 411-412; Swanson v. Swanson, 8 N.J. 169 (1951); Belvidere v. Waldron, 129 N.J.L. 587-588 (Sup. Ct. 1943).
Protection of the litigant against "unlawful vexation" obviously is as essential today as when Breen was decided. Hence we reject the notion that the Supreme Court, sub silentio, abolished all review of interlocutory orders of the Division. Indeed, Bronstein stated, in "Judicial Review of New Jersey Workmen's Compensation Cases," supra, that (under the 1954 rules) both the County Court and the Appellate Division had such jurisdiction. He said (77 N.J.L.J., at p. 185, n. 33):
"Being formerly cognizable by writ of certiorari, prerogative writ actions are matters of right under the new Constitution. N.J. Const. Art. 6, § 5, par. 4 (1947); R.R. 4:88-1. The existence of the direct appeal from the Bureau to the Appellate Division where the jurisdiction of the Bureau is in issue was apparently overlooked in the 1954 Supreme Court Rule 5:2-5(f) which amended R.R. 5:2-5 by eliminating the jurisdiction of the Appellate Division to award counsel fees on direct appeal from the Bureau. The note to the Tentative Draft Revision of the Rules dated May 11, 1953, page 399, justifies the change by reason of L. 1953, c. 33 which eliminated the need for direct appeal where the accident occurred out of the state. As a result counsel fees on direct appeal from the Bureau to the Appellate Division on issues of jurisdiction of the Bureau are again in a vacuum as in King v. Western Electric, 18 N.J. Misc. 199, 12 A.2d 151 (C.P. 1940); Lange v. Eureka Printing Works, 10 N.J. Misc. 76, 158 A. 106 (Sup. Ct. 1932). Petitioners are better advised, therefore, to appeal through the County Court, while respondents should try the direct appeal wherever a jurisdictional question is in issue."
But the unlimited right to appeal from interlocutory orders is even more vexatious and inconsistent with modern *143 jurisprudence than the complete absence of the right to appeal such orders would be. As the trial judge pointed out, if the County Court has jurisdiction to review interlocutory orders, the rules contain no limitation upon the litigant's exercise of that right. That militates strongly against the construction contended for by Wilck, for it is highly unlikely that the Supreme Court intended, by the rules, to give the right to litigants to repair to the County Court at will, following every step in the proceedings in the Division. We are confident that if the Supreme Court had intended to so provide it would have done so by clear and emphatic rule, and would not have left it to the dubious fortunes of construction.
Wilck argues that subdivision (f) of R.R. 5:2-5 proves, by implication, that the County Court does have jurisdiction to review interlocutory orders. That subdivision provides:
"The county court may, in its discretion, allow a reasonable attorney's fee to the prevailing party on appeal from an order or determination of the division of workmen's compensation for his services in the county court, the Appellate Division of the Superior Court, and the Supreme Court."
Wilck argues that under this rule the County Court may allow a fee only when the appeal is to it, or to the Appellate Division or the Supreme Court from its judgment. That was the construction placed upon R.S. 34:15-67 (repealed by L. 1953, c. 33, p. 599, § 59) but that was because of the detailed provisions of that statute, which narrowly confined the right to fees. Stetser v. American Stores Co., 125 N.J.L. 275, 277 (E. & A. 1940); King v. Western Electric, 18 N.J. Misc. 199 (C.P. 1940); Lange v. Eureka Printing Works, 10 N.J. Misc. 76 (Sup. Ct. 1931); Township of Roxbury v. Plumstead, 10 N.J. Misc. 1034 (Sup. Ct. 1932). It was repeatedly stated that the right to a counsel fee in appeals in workmen's compensation cases was wholly a creature of statute, and the statute was construed literally. For example, in Swift & Co. v. Von Volkum, *144 131 N.J.L. 464 (Sup. Ct. 1944), affirmed 132 N.J.L. 344 (E. & A. 1945), the employer had applied for certiorari to the Supreme Court to review a judgment of the Pleas affirming an award. The employee opposed the application and it was denied. The Pleas then gave employee's counsel a fee for resisting the application. On appeal the Supreme Court reversed, saying (p. 465):
"The pertinent statute is R.S. 34:15-67 as follows: `In cases where the judgment of the court of common pleas is reviewed by the supreme court by certiorari, the court of common pleas may allow a reasonable attorney fee to the party prevailing on the certiorari for his services on the certiorari, which fee shall be taxed in the costs and become a part of the final judgment in the cause, and may be recovered against the unsuccessful party.' The italics ours. The fees are to counsel prevailing on certiorari and not to counsel who succeeds in opposing the issuance of the writ.
Before the writ issues there can be no review. The refusal of allocatur is a denial of review. Since there is no review no one can prevail in the review. Changes in statutes, however desirable, must be made by the Legislature and not by the courts."
This gap in the statute was closed by L. 1945, c. 97, p. 438, amending said R.S. 34:15-67.
Similarly, it will be seen that all of the cases which dealt with the allowance of fees, prior to the adoption of our new practice, were bottomed upon a literal reading of R.S. 34:15-67. In addition to the cases cited above, see Comparri v. James Readding, Inc., 121 N.J.L. 591 (Sup. Ct. 1939); Toner v. International, etc., Ironworkers, 128 N.J.L. 511 (Sup. Ct. 1942); Natural Products, &c., Co. v. Court of Common Pleas, 129 N.J.L. 373 (Sup. Ct. 1943); Yeager v. Brown Bros., Inc., 131 N.J.L. 463 (Sup. Ct. 1944), affirmed 132 N.J.L. 361 (E. & A. 1945).
But R.R. 5:2-5(f) is much broader than R.S. 34:15-67 was, and is free of its limitations. Moreover, being a rule it may be construed much more flexibly than we could construe a statute. In Minter v. Bendix Aviation Corp., 24 N.J. 128 (1957), Minnie Minter, claiming to be the widow of the deceased employee, obtained an award. *145 Thereafter, another woman appeared who claimed to be the widow. Bendix, the employer, interpleaded the award, but the interpleader was contested by Minnie Minter and, as a result, was dismissed. Bendix then appealed to the Appellate Division. Minnie Minter contested the appeal. Even though the merits of her claim still remained undetermined by virtue of the action taken by the Supreme Court,[1] "counsel for Minnie Minter request[ed] the direction to the Bergen County Court to allow a reasonable fee for services rendered in the interpleader proceedings in the Chancery Division and the appeal by Bendix to the Appellate Division, as well as an additional interpleader * * * filed by Bendix in the federal district court." The court allowed a fee saying, at p. 137 (emphasis ours):
"R.R. 5:2-5(f) permits an allowance to the prevailing party for services rendered `in the county court, the Appellate Division of the Superior Court, and the Supreme Court.' This request is inherently fair. Minnie has prevailed upon the initial issue of fraud in the instant proceeding and the interpleader action instituted by Bendix was intimately related with that issue for it was there that the employer charged fraud and succeeded in obtaining a hearing upon that contention. Although the rule literally does not encompass services rendered in the Chancery Division of the Superior Court, its fundamental purpose to alleviate the financial burden of injured workers or their dependents in prosecuting compensation claims by competent counsel applies to this case. The brief foray in the federal district court may be disregarded for there the petition of interpleader was dismissed by the consent of all parties."
Under the construction placed on R.R. 5:2-5(f) in Minter, that rule probably is broad enough to authorize the County Court to allow a fee to the successful employee's counsel for resisting a direct appeal, or an application for leave to appeal, to this court from an interlocutory order of the Division. However, we need not determine this question at this time, for here the question of such fees will not *146 arise, since judgment will be for the employer. But even if R.R. 5:2-5(f) is not broad enough to allow a fee in such circumstances, we agree with the trial judge, for the reasons stated above, that the County Court has no jurisdiction over appeals from interlocutory orders.
We are aware of the fact that what is now R.R. 5:2-5(f) was adopted in almost identical words as Rule 5:2-5 in 1950, and that on January 1, 1952 that rule was amended in the fashion described in Monaco v. Albert Maund, Inc., 21 N.J. Super. 443, 445 (App. Div. 1952). The court said (at pp. 445-446):
"Prior to the amendment of Rule 5:2-5 on January 1, 1952, there was no provision for the allowance of any counsel fee for services rendered on appeal in a case such as this where the accident happened outside the State and the appeal was directly from the Division of Workmen's Compensation to the Appellate Division. However, if the accident happened inside the State, the County Court was and is authorized to allow to the prevailing party on appeal `a reasonable attorney's fee' for services rendered on appeal in the County Court, the Appellate Division and the Supreme Court. Rule 5:2-5; R.S. 34:15-67 (as amended L. 1945, c. 97, § 1). To correct the inequity then existing, under which the successful appellant in an out-of-State accident case could not receive any allowance for services rendered on appeal, Rule 5:2-5 was amended on January 1, 1952, to provide:
`When the original appeal from the Division of Workmen's Compensation is to the Appellate Division, the Appellate Division may, in its discretion, allow a reasonable counsel fee to the prevailing party on appeal, for his services in the Appellate Division of the Superior Court and the Supreme Court.'"
But that amendment was necessary not because Rule 5:2-5 was not broad enough, prior to the amendment, to permit a County Court to allow such a fee when the accident happened in New Jersey (cf. Comparri v. James Readding, Inc., supra), but because N.J.S.A. 34:15-66 (as it read prior to L. 1953, c. 33, § 57) gave no County Court jurisdiction over any step in a workmen's compensation litigation arising out of an out-of-state accident. When L. 1953, c. 33, § 57 was passed, giving jurisdiction over appeals in such cases to the County Court of the county in which the Division hearing *147 was held, the sentence which had been added to Rule 5:2-5 on January 1, 1952 was no longer needed, because by virtue of said L. 1953, c. 33, § 57, there was an identifiable County Court to allow such fees. Said amendatory sentence was therefore then eliminated.
We hold, further, that we do have jurisdiction to entertain this appeal and to consider its merits. Before we do so, we must dispose of a procedural question which is that the leave which we granted was to appeal from the judgment of dismissal of the County Court, and not to appeal from the order of the Division. However, under the circumstances, we shall treat the case as if we had granted the latter. R.R. 1:5-4; R.R. 1:27D; Lepore v. Ajamian, 40 N.J. Super. 214 (App. Div. 1956). Cf. Grogan v. William J. Scully, Inc., 42 N.J. Super. 174 (App. Div. 1956); Pfahler v. Eclipse Pioneer Division of Bendix Aviation Co., supra.
We have enumerated heretofore the grounds of appeal which relate to the merits. We shall deal only with the third, namely that "good cause" was not shown for setting aside the dismissal.
In Nemeth v. Otis Elevator Co., supra, 55 N.J. Super. 493, we held that, under N.J.S.A. 34:15-54, no dismissal may "be reopened without a showing of excuse for the default as well as merit." In Nemeth petitioner submitted an affidavit in support of his application to reopen, the contents of which we found inadequate. Here petitioner submitted no affidavit or other proof showing either excuse or merit. Passing that, we find that what petitioner asserted before the deputy, and repeats here, establishes neither merit nor excuse for the default.
Petitioner admits that his petition was "dismissed with the consent of the petitioner's counsel after a revaluation of his case. At this juncture it was decided that petitioner would attempt to recover under the 1% Fund." However, after the dismissal petitioner's attorney learned that his recourse to said Fund was barred by the passage of time, and he filed the application before us, not with the expectation *148 of obtaining any material increase in the award, but in the hope of getting something, however small, so that the time in which to proceed against the Fund would start running again. We hold, following Nemeth, that this does not establish "good cause." The reinstatement of the petition is therefore set aside and the dismissal reinstated.
It is therefore unnecessary to decide the other two points raised by appellant on the merits. The case is remanded to the Division for further proceedings consistent with this opinion. No costs.
NOTES
[1] Ultimately she failed to prevail on the merits, but her counsel received his fee. Cf. Seiken v. Todd Dry Dock, Inc., 2 N.J. 469, 477 (1949).